# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

  v.

Chuthaporn Pattarasok

January 5, 2006

Case No. MI 2005-2005

BY JUDGE RANDY I. BELLOWS

Before the Court is the defendant's motion to declare portions of Virginia Code §§ 18.2-269 and 18.2-270 unconstitutional. For the reasons stated below, the defendant's motion is denied.

*Background*

The defendant, Chuthaporn Pattarasok, was arrested on June 8, 2005, after allegedly failing to properly perform several field sobriety tests and was charged with a violation of Virginia Code § 18.2-266 (Driving While Intoxicated). According to the Certificate of Blood Alcohol Analysis in the Court's file, her blood alcohol content was .11.

The defendant was found guilty in Fairfax General District Court on September 22, 2005, and timely noted her appeal to the Circuit Court. While the matter was pending in the Circuit Court, the defendant filed a motion to declare certain portions of § 18.2-269 (Presumptions from alcohol content of blood) and 18.2-270 (penalties) unconstitutional. The matter was presented to this Court on December 16, 2005, and the Court took it under advisement.

*Defendant's Motion to Declare Statutes Unconstitutional*

The defendant asserts that § 18.2-269 is unconstitutional because it shifts the burden of proof from the prosecution to the defense by creating a mandatory rebuttable presumption that the accused was under the influence of alcohol if her blood alcohol content was 0.08 or more. In support of her position, the defendant relies principally on *Francis v. Franklin*, 471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985).

The defendant also asserts that § 18.2-270 is unconstitutional because § 18.2-270(A) states that, if a person's blood alcohol level as indicated by the chemical test is at least 0.15 but not more than 0.20, the person shall be confined in jail for an additional mandatory time period. Similar provisions are made for blood alcohol levels which are more than 0.20.

*Commonwealth's Opposition*

The Commonwealth argues that the presumptions in § 18.2-269 are rebuttable, rather than conclusive, and do not shift the burden of persuasion from the prosecution to the defense. Further, the Commonwealth argues that *Francis* is distinguishable. The Commonwealth does not address the § 18.2-270 argument.

*Analysis*

At the outset, the Court notes that it will not address the merits of the defendant's argument regarding § 18.2-270 because the challenged provisions of § 18.2-270 would not and could not affect any sentence that the defendant might receive upon conviction. The defendant's blood alcohol level was 0.11, and thus below the threshold level of 0.15 necessary to implicate the challenged provisions of § 18.2-270. This Court, therefore, will not consider the argument that § 18.2-270 is unconstitutional.

Section 18.2-269 is a different matter. The rebuttable presumptions do apply to this defendant and, therefore, if such presumptions are an unconstitutional violation of due process, the defendant is entitled to relief. However, the Court concludes that § 18.2-269 is not unconstitutional.

The fundamental issue before the Court is the interpretation of the presumption language of § 18.2-269. The presumption language first appears in § 18.2-269(A):

> In any prosecution for a violation of [18.2(269)(ii)] or any similar ordinance, the amount of alcohol in the blood of the accused at the time of the alleged offense . . . shall give rise to the *following rebuttable presumptions*. . . .

Va. Code Ann. § 18.2-269(A) (emphasis added). For purposes of this opinion, the next pertinent language appears in § 18.2-269(A)(3):

> If there was at that time, 0.08 percent or more by weight by volume of alcohol in the accused's blood or 0.08 grams or more per 210 liters of the accused's breath, *it shall be presumed* that the accused was under the influence of alcohol intoxicants at the time of the alleged offense.

Va. Code Ann. § 18.2-269(A)(3) (emphasis added).

If this language is interpreted as an "irrebuttable or conclusive presumption [that] relieves the State of its burden of persuasion by removing the presumed element from the case entirely if the State proves the predicate facts," *Francis* at 317, then the statute would be constitutionally infirm. However, if this language is interpreted as a "permissive inference" B i.e. an "inference [which] suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion," *Id*. at 314 (footnote omitted), the statute is constitutional unless "the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *Id*. at 315 (citation omitted).

The two questions before the Court, therefore, are: (1) does the language in question create a rebuttable presumption that shifts the burden of persuasion or does it create no more than a permissive inference; and (2) does the inference comport with reason and common sense in light of the proven facts.

In this Court's opinion, the first question has been answered by the Supreme Court of Virginia in *Wilson v. Commonwealth*, 225 Va. 33, 301 S.E.2d 1 (1983), a case which involved a conviction for attempting to kill deer at night by use of headlights in violation of § 29-144.2. Va. Code Ann. § 29-144.2 (repealed 1987). At issue in *Wilson* were two statutory presumptions. The first read as follows:

> The flashing of a light attached to any vehicle or a spotlight or flashlight from any vehicle between a half hour after sunset on any day and a half hour before sunrise the following day by any person or persons, then in possession of a rifle, shotgun, pistol,

crossbow, or bow and arrow or speargun, without good cause, shall raise a presumption of an attempt to kill deer or elk in violation of this section.

*Id.* at 37 [emphasis added].

The second presumption read as follows:

Every person in or on any such vehicle shall be deemed a principal in the second degree and subject to the same punishment as a principal in the first degree.

*Id.*

Thus, the Supreme Court was confronted by two statutory provisions that created what the Court described as rebuttable presumptions. About such presumptions, the Court explained:

It thus appears that our general rule is to give rebuttable presumptions permissive or burden-of-production-shifting effect only. . . . We hold that the presumption of guilt is rebuttable and is to be analyzed as a permissive inference, even if it is construed to require the defendants to produce such evidence of "good cause." . . . . We construe the second presumption as we have construed the first, to be rebuttable and not burden-of-persuasion-shifting. It is to be analyzed, therefore, as a permissible inference.

*Id.* at 41-43 (citations omitted).

Thus, while the Supreme Court of Virginia has not expressly decided a case presenting precisely the facts of the instant case, it has explicitly addressed the legal significance attributable to rebuttable presumptions. They are to be given permissive or burden-of-production-shifting effect only. See *Dobson v. Commonwealth*, 260 Va. 71, 531 S.E.2d 569 (2000); *Holmes v. Commonwealth*, 41 Va. App. 690, 589 S.E.2d 11 (2003); and *Dickerson v. Commonwealth*, 2001 Va. App. LEXIS 105 (unpublished).

As to the second question, whether there is a "rational connection" between the proven facts and the ultimate fact presumed and whether the ultimate fact is "more likely than not to flow from" the proven facts, see *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 165, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (citation omitted), that question must be answered in the affirmative. The relationship between blood alcohol levels and intoxication is

too well established to necessitate extended discussion, and the Virginia General Assembly was well within its authority to find that a blood alcohol level of 0.08 and above created a permissive inference that an individual was "under the influence of alcohol" as that term is used in § 18.2-266(ii). See generally, *Davis v. Commonwealth*, 8 Va. App. 291, 381 S.E.2d 11 (1989) ("it has been demonstrated empirically, and it is now widely accepted, that a motorist's ability to drive safely is adversely affected by a blood-alcohol content of 0.10%, even though some individuals may exhibit few outwardly visible symptoms of intoxication at that level. . . ." quoting *State v. Knoll*, 110 Idaho 678, 718 P.2d 589 (Idaho App. 1986) (citations omitted)).

The Court relies on *Davis* even though, at the time of *Davis*, the pertinent blood alcohol level was .10 rather than .08 as it is today. *Davis v. Commonwealth*, 8 Va. App. 291, 381 S.E.2d 11 (1989). Then, as now, "Code § 18.2-269 [] provide[s] for certain presumptions for and against the conclusion that a driver was `under the influence of alcohol' at the time of the alleged offense, that is, when he was driving." *Id.* at 297-98. And then, as now, a rational legislative determination was made that one might infer that an individual was "under the influence" of alcohol if he had a significant blood alcohol level. Thus, there is a rational connection between the proven fact of blood alcohol content and the ultimate fact presumed of driving under the influence of alcohol.

Therefore, the Court is satisfied that the statute in question, Virginia Code § 18.2-269, is constitutional and the defendant's motion consequently is denied.