# CIRCUIT COURT OF THE CITY OF MARTINSVILLE

Commonwealth of Virginia

v.

Steven Wayne Draper

September 25, 2006

Case No. CR05-726

By Judge G. Carter Greer

In this prosecution for driving under the influence, second offense within five years of a first offense, in violation of Va. Code § 18.2-266, the court took the defendant's motion to strike under advisement, both at the conclusion of the Commonwealth's case and at the conclusion of all the evidence. In summary, the defendant argues that the presumptions pertaining to Va. Code §§ 18.2-266(i) and 18.2-269 are unconstitutional mandatory presumptions that the court should not apply under *Francis v. Franklin, infra*, and that admission of the certificate of blood alcohol analysis, pursuant to Code § 18.2-268.9, violated the defendant's right of confrontation under the Sixth Amendment to the United States Constitution. Finding that the presumptions pass constitutional muster when viewed and applied as permissive inferences, and that the admission of the blood alcohol certificate does not contravene *Crawford v. Washington, infra*, the court denies the motion to strike and finds the defendant guilty.

The evidence at trial revealed the following facts. On October 8, 2005, at 12:45 a.m., Lt. Mark Gilbert of the Martinsville Police Department arrived at the scene of a single vehicle collision on East Church Street in the City of Martinsville. Upon his arrival, Lt. Gilbert found a Ford Escape SUV, with

considerable damage to the front end, resting against a utility pole, but there was no driver at the scene. Lt. Gilbert drove a short distance and found the defendant walking in an easterly direction one hundred yards from the scene. The defendant got in the front passenger seat of the patrol car and rode back to the scene with the officer. Informing Lt. Gilbert that a blue van had run his vehicle off the road about five minutes earlier, the defendant was "argumentative" and wanted the officer to look for the van.

When the defendant got out of the patrol car, Lt. Gilbert noticed that the defendant was "disoriented" on the sidewalk and that he had a "strong odor" of alcohol about his person. In response to questions, the defendant admitted that he had drunk a "couple of beers" about an hour prior to the collision, but that he had drunk nothing since that time. The defendant's eyes were red, and his speech was slurred. In view of the fact that it was raining, Lt. Gilbert performed only one field sobriety test. Having been asked to recite his ABC's, the defendant got to the letter "S" on the first attempt and then mixed up his letters; on the second attempt, the defendant missed the letter "N" but finished the rest of the letters. After offering the defendant a preliminary breath test, Lt. Gilbert placed the defendant under arrest and read to him the implied consent law. The certificate of blood alcohol analysis, which the Commonwealth introduced as exhibit no. 2 over the defendant's objection, demonstrated a blood alcohol level of .19.

### The Constitutionality of the Presumptions

The first presumption is contained in § 18.2-269, which states in pertinent part that

> [i]n any prosecution for a violation of ... clause (ii), (iii), or (iv) of § 18.2-266 ... the amount of alcohol or drugs in the blood of the accused at the time of the alleged offense as indicated by a chemical analysis of a sample of the accused's blood or breath to determine the alcohol or drug content of his blood ... shall give rise to the following presumptions. ... (3) If there was at that time 0.08 percent or more by weight by volume of alcohol in the accused's blood or 0.08 grams or more per 210 liters of the accused's breath, it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense. ...

The second presumption arises from *Davis v. Commonwealth*, 8 Va. App. 291, 381 S.E.2d 11 (1989), in which the Court of Appeals held that, in a prosecution for a violation of clause (i) of § 18.2-266 (the so-called "per se" offense), the blood alcohol test result "is an evidentiary fact which creates a rebuttable presumption that the measurement accurately reflects the blood alcohol concentration at the time of driving." *Davis*, 8 Va. App. at 298.

In a criminal case, "[t]he Due Process Clause requires the prosecution to prove beyond a reasonable doubt every element necessary to establish the crime charged." *Dobson v. Commonwealth*, 260 Va. 71, 74, 531 S.E.2d 569 (2000). *See In re Winship*, 397 U.S. 358 (1970); *Mullaney v. Wilbur*, 421 U.S. 684 (1975); and *Patterson v. New York*, 432 U.S. 197 (1977). It is elementary that, in attempting to prove its case, the government may not rely on a mandatory presumption that shifts the burden of proof on any element of the offense to the defendant. *Sandstrom v. Montana*, 442 U.S. 510 (1979); *Francis v. Franklin*, 471 U.S. 314 (1985). Nevertheless, the Constitution "does not prohibit the use of a permissive inference as a procedural device that shifts to a defendant the burden of producing some evidence contesting a fact that may otherwise be inferred, provided that the prosecution retains the ultimate burden of proof beyond a reasonable doubt." *Dobson*, 260 Va. at 74-75. *See also Hodge v. Commonwealth*, 217 Va. 338, 228 S.E.2d 692 (1976); *Ulster County Court v. Allen*, 442 U.S. 140, 157 (1979) ("The most common evidentiary device is the entirely permissive inference ... which allows – but does not require – the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant").

The distinction between a mandatory presumption and a permissive inference is significant. As stated in *Francis v. Franklin, supra*, "A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves the predicate facts, but does not require the jury to draw that conclusion. . . ." *Id.* at 314.

The defendant argues that § 18.2-269 "is utterly straightforward and unambiguous on its face," and that, along with the rebuttable presumption announced in *Davis, supra*, the statutes "create rebuttable evidentiary presumptions of the sort deemed unconstitutional in *Franklin*." Defendant's Memorandum at 5. The Commonwealth contends that, when read in light of

§ 18.2-268.10[1] and controlling case law, the statute "creates not rebuttable presumptions, but permissive inferences that shift only the burden of production, and not the burden of proof, to the defendant." Commonwealth's Brief at 1. It is well-established that, "when language of a statute is plain and unambiguous and its meaning is clear and definite, a court is bound by that language." *Auer v. Miller*, 270 Va. 172, 176, 613 S.E.2d 421 (2005), *citing Cummings v. Fulghum*, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001). On the other hand, "statutes are presumed to be constitutional, and, if possible, construed in a manner that avoids any constitutional infirmity." *Burns v. Warden*, 268 Va. 1, 2, 597 S.E.2d 195 (2004).

The court acknowledges that the statute and *Davis, supra*, use the phrase "rebuttable presumption," and not the phrase "permissive inference." The statute says that "it shall be presumed," not "it may be inferred," that, with a blood alcohol test result of 0.08 or higher, the defendant was under the influence at the time of the alleged offense. However, under *Wilson v. Commonwealth*, 225 Va. 33, 301 S.E.2d 1 (1983), the court is required to analyze the rebuttable presumptions at issue as permissive inferences, as to which the defendant has no standing to make a facial constitutional challenge. *Ulster, supra*, at 154-55. Rather, the defendant may challenge the statute "only on the basis that there [is] not a rational connection between the facts proved ... and the presumption that was raised or that the latter did not flow more likely than not from the former." *Wilson*, 225 Va. at 42.

Applying this test, the court finds that the rebuttable presumptions in this case do not violate the due process rights of the defendant. Though no appellate court in the Commonwealth has addressed this issue, at least two other circuit courts have done so, and both decisions follow *Wilson, supra*. *See Commonwealth v. Padilla*, 69 Va. Cir. 409 (2006), and *Commonwealth v. Pattarasok*, 69 Va. Cir. 423 (2006). As Judge Bellows stated in *Pattarasok*, "[t]he relationship between blood alcohol levels and intoxication is too well established to necessitate extended discussion. . . ." *Id*. at 4. Specifically, the court finds that there is a rational connection between the proven fact of a blood alcohol level of .19 and the ultimate facts inferred: (1) that the defendant was "under the influence of alcohol intoxicants at the time of the

---

[1] This statute provides in pertinent part that "[t]he court or jury trying the case involving a violation of clause (ii), (iii), or (iv) of § 18.2-266 . . . shall determine the innocence or guilt of the defendant from all the evidence concerning his condition at the time of the alleged offense." Va. Code § 18.2-268.10(D).

alleged offense" and (2) that the defendant's blood alcohol test "accurately reflects the blood alcohol concentration at the time of driving." *Davis*, 8 Va. App. at 298.

## The Admissibility of the Blood Alcohol Certificate

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him." In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court of the United States held that the admission into evidence of a "testimonial" hearsay statement violates the Confrontation Clause, unless the declarant is unavailable and the accused had a prior opportunity to cross-examine. Discussing the historical context of the Sixth Amendment, the Court stated that "the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused." *Id.* at 50. As an example of one of "the most notorious instances of civil-law examination," *Id.* at 44, the Court pointed to Sir Walter Raleigh's trial in 1603, at which the court admitted into evidence, over Raleigh's objection, Lord Cobham's out-of-court statement and letter accusing Raleigh of treason. Adopted with this trial in the minds of the Framers, the Confrontation Clause "commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Id.* at 61.

Appellate courts throughout the country have been struggling with the issue left unaddressed in *Crawford*: the definition of "testimonial." Although the Court declined to spell out a comprehensive definition of "testimonial," the Court in dicta offered "[v]arious formulations." The Court listed "affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially … extrajudicial statements … contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions … [and] statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.* at 52-53 (citation omitted). Importantly, the Court stated that "[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a formal trial; and to police interrogations. These are the modern practices with the closest kinship to the abuses at which the Confrontation Clause was directed." *Id.* at 68.

116

The certificate of blood alcohol analysis at issue contains an attestation clause, which is unquestionably hearsay. The attestation clause states as follows:

> I certify that the above is an accurate record of the test conducted; that the test was conducted with the type of equipment and in accordance with the methods approved by the department of forensic science; that the test was conducted in accordance with the department's specifications; that the equipment on which the breath test was conducted has been tested within the past six months and found to be accurate; that prior to administration of the test the accused was advised of his right to observe the process and see the blood alcohol reading on the equipment used to perform the breath test, and that I possess a valid license to conduct such test, given under my hand this *8* day of *Oct., 2005.*

The clause is followed by the signature of the breath test operator. However, § 18.2-268.9 of the Code of Virginia provides in pertinent part that "[t]his certificate, when attested by the individual conducting the breath test, shall be admissible in any court in any criminal or civil proceeding *as evidence of the facts therein stated and of the results of such analysis.*" (Emphasis added.) This statutory exception to the hearsay rule permits the Commonwealth to introduce the certificate without the *ore tenus* testimony of the breath machine operator.

Does this statute comport with *Crawford, supra*? In other words, does the admission of the certificate, pursuant to this statute, violate the defendant's right of confrontation? The answer depends upon whether the attestation clause is deemed "testimonial."[2] Although a panel of the Court of Appeals

---

[2] Although the defendant contends that the test result itself is testimonial, Defendant's Memorandum at 7, it is not hearsay. *See Tatum v. Commonwealth*, 17 Va. App. 585, 440 S.E.2d 133 (1994) (holding that evidence of numbers displayed on a caller ID system not hearsay because no out-of-court asserter); *Penny v. Commonwealth*, 6 Va. App. 494, 370 S.E.2d 314 (1988) (holding that evidence obtained from call trap device not hearsay since reliability not dependant on out-of-court declarant's veracity). Since the "primary object" of the Sixth Amendment was to prevent the introduction of testimonial hearsay, *Crawford, supra*, at 53, the introduction of the "results portion" of the certificate does not implicate the Confrontation Clause.

decided this precise issue in *Luginbyhl v. Commonwealth,* 46 Va. App. 460, 618 S.E.2d 347 (2005), the full Court sitting *en banc* withdrew the panel opinion and substituted its opinion in *Luginbyhl v. Commonwealth,* 48 Va. App. 58, 628 S.E.2d 74 (2006), which assumed "without deciding that (1) the breath analysis result and (2) the accompanying certificate were 'testimonial' and their introduction in evidence, despite Code § 18.2-268.9, was constitutional error under *Crawford.*" *Luginbyhl,* 48 Va. App. at 10. Therefore, the issue remains unresolved by an appellate court in the Commonwealth.

At first analysis, the attestation clause appears to be "testimonial," since the evidence is "elicited from a witness. . . ." *Black's Law Dictionary,* 5th ed., 1323. In addition, the attestation clause is a statement that the breath test operator "would reasonably expect to be used prosecutorially." *Crawford, supra,* at 51. Moreover, the attestation clause has the attributes of an affidavit, except that it is not under oath. Nevertheless, the majority of appellate courts in other jurisdictions that have addressed this issue have concluded that that, for various reasons, a certificate of this nature is non-testimonial. *Rackoff v. State,* 621 S.E.2d 841 (Ga. App. 2005) (breath test machine inspection certificate not testimonial because it is business record); *Oregon v. Norman,* 125 P.2d 15 (Ore. App. 2005) (certification of accuracy of Intoxilyzer machine non-testimonial since more akin to business record); *Bohsancurt v. Eisenberg,* 129 P.2d 471 (Ariz. App. 2006) (quality assurance records of breath test machine not inculpatory, so non-testimonial); *Commonwealth v. Walther,* 189 S.W.2d 570 (Ky. 2006) (notations of technician performing breath test in maintenance records non-testimonial since not offered to prove wrongdoing); *State v. Carter,* 114 P.2d 1001 (Mont. 2005) (certification report for breath analysis instrument not accusatory evidence, so no violation of right of confrontation); *State v. Dedman,* 102 P.2d 628 (N.M. 2004) (blood alcohol report admissible as public record and presents no issue under Confrontation Clause); and *Napier v. State,* 827 N.E.2d 565 (Ind. App. 2005) (certificates of inspection and compliance not testimonial because not type of evidence labeled as "testimonial" under *Crawford*). *Contra, Belvin v. State,* 922 So. 2d 1046 (Fla. App. 2006) (portions of breath test affidavit relating to technician's procedures and observations constitute testimonial evidence); *Shiver v. State,* 900 So. 2d 615 (Fla. App. 2005) (admission of breath test affidavit violated *Crawford*).

Though not dealing directly with the issue at hand, the Virginia Court of Appeals has recently decided two cases that offer guidance. In *Michels v. Commonwealth,* 47 Va. App. 461, 624 S.E.2d 675 (2006), the Court of Appeals held that the admission into evidence of documents certifying that

.two entities were not corporations licensed in Delaware did not violate the defendant's right of confrontation. Commenting on *Crawford, supra*, the Court pointed out that:

> *Crawford* emphasized that a principal aim of the Confrontation Clause is to protect a criminal defendant from accusations of criminal wrongdoing. The certificates prepared by the Delaware Secretary of State cannot be categorized as accusing appellant of a crime. The certificates verify that "Formal Properties Trust, L.L.C." and "Michels and Associates, L.L.C." do no exist as limited liability entities in Delaware. In the document, the Delaware Secretary of State does not describe past events or facts implicating the defendant in any criminal scheme, but rather certifies that a search has been conducted and particular records do not exist.

*Michels*, 47 Va. App. at 470 (citation omitted). In *Anderson v. Commonwealth*, 2006 Va. App. LEXIS (September 12, 2006), the Court of Appeals held that the chain-of-custody inference of Va. Code § 19.2-187.01 does not run afoul of the Confrontation Clause, on the ground that it "provides only foundation evidence that cannot be fairly characterized as accusatorial." *Id.* at 15, n. 4.

Relying upon *Michels, supra*, and *Anderson, supra*, the court finds that the attestation clause of the certificate of blood alcohol analysis is non-testimonial hearsay. The statements of the breath test operator in the attestation clause do not accuse the defendant of any wrongdoing but simply lay the foundation for the admission of the certificate under the statute. Consequently, the admission of the certificate of blood alcohol analysis did not violate the defendant's right of confrontation.

Sentencing will take place on October 16, 2006, at 11:00 a.m.