UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge Alston and Senior Judge Frank
Argued at Norfolk, Virginia

BERNARDO JOHN RAIGOZA

MEMORANDUM OPINION* BY
v.        Record No. 0386-18-1          CHIEF JUDGE MARLA GRAFF DECKER
MAY 7, 2019

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

Andrew S. Gordon, Assistant Public Defender, for appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Bernardo John Raigoza appeals his conviction for failing to reregister as a sex offender,

in violation of Code § 18.2-472.1. He argues that the trial court erred by assigning *prima facie*

weight to the affidavit filed pursuant to the statute and that the evidence was insufficient to

support the conviction. Based on a review of the record and the relevant law, we conclude that

any error in applying a *prima facie* effect to the affidavit was harmless. In addition, the evidence

was sufficient to prove the offense. For these reasons, we affirm the conviction.

I. BACKGROUND

The appellant was charged with failing to reregister as a sex offender. At trial, the

Commonwealth presented evidence that in 2001, he was convicted of rape in violation of Code

§ 18.2-61. As a result of this conviction, he was obligated to register with the Virginia

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Department of State Police (state police) as a sex offender and reregister every ninety days. See Code §§ 9.1-902(A)(4), -904(A).

At the appellant's trial for failure to reregister, the Commonwealth presented the testimony of Sergeant James Russo of the state police. In 2016, Russo investigated whether the appellant failed to comply with his duty to reregister as a sex offender. Russo testified that the appellant had registered as a sex offender in Newport News. Sergeant Russo also stated that the investigative complaint provided that on November 2, 2015, a reregistration form was sent to the appellant, with the instruction to "return by" November 17, 2015. According to Russo, as of November 18, 2015, the reregistration form had not been received "in Richmond." The appellant made a hearsay objection to the assertion as proof that the appellant "did not, in fact, [re]register." The Commonwealth responded that it intended to introduce other evidence proving the appellant's failure to reregister and that the purpose of this portion of Russo's testimony was to "explain his actions and why he proceeded with the investigation." The trial court allowed Russo to continue with his testimony without a specific ruling.

According to Sergeant Russo, he spoke with the appellant by telephone on August 24, 2016, and told him that he was "investigating the reregistration form that had not been received by the register on November 17 of 2015." The appellant replied that he "thought" that he had "sent it in." Russo told the appellant that "at that point in time it had not been received." The sergeant also told him that he had "been late every time for the past year, and [he] was kind of wondering why." The appellant responded that he "didn't think it was such a big deal to be a day or two late." Russo explained to the appellant that the ninety-day due date was a "very important date" and that the reregistration needed to be "post-marked in Richmond before that point in time."

The trial court admitted into evidence an affidavit written on state police letterhead and signed by the custodian of the records, Amanda M. Rader.[1]  The affidavit, dated October 17, 2016, provided that it was issued "pursuant to Chapter 9 . . . of Title 9.1, [and Code §§] 19.2-390.1 and 18.2-472.1."  The affidavit also contained the language that "the files of the Sex Offender and Crimes Against Minors Registry have been thoroughly searched utilizing" the appellant's name, birth date, and social security number.  The affidavit further provided that "[t]he records of the . . . State Police show that no Sex Offender Re-Registration form . . . has been received between November 2, 2015 and November 17, 2015," for the appellant.  Accompanying the affidavit were a cover letter signed by the superintendent of the state police, which authorized Rader to sign affidavits relating to the Sex Offender and Crimes Against Minors Registry, and a notarized "[c]ertification and [e]xemplification" affirming that Rader was the "Records Supervisor and Custodian of Records."

At the close of the Commonwealth's case, the appellant made a motion to strike the evidence.  He argued that the Commonwealth failed to prove that he did not reregister within his ninety-day time frame because the affidavit simply said that "no registration form was received" in a stated fifteen-day window.  The appellant also suggested that the affidavit did not provide *prima facie* evidence of his failure to reregister because it was not sufficient to trigger the *prima facie* provision in the relevant statute.  The trial court denied the motion.

The court found the appellant guilty of failing to reregister as a sex offender, in violation of Code § 18.2-472.1.  The appellant was sentenced to five years in prison, with the entire sentence suspended.

---

[1] Before trial, pursuant to Code § 18.2-472.1(G), the Commonwealth notified the appellant of its intent to introduce the affidavit in lieu of the testimony of the custodian of the records and provided a copy of the affidavit.  The appellant did not object to the admission of the affidavit.  See Code § 18.2-472.1(H) (providing the procedure to follow in objecting to the admission of such an affidavit "in lieu of testimony, as evidence of the facts stated therein").

## II. ANALYSIS

The appellant contends that the trial court erred in its construction and application of the *prima facie* clause of Code § 9.1-907(A) "because the [a]ffidavit was insufficient to create a *prima facie* case" of failing to reregister. He also argues that the evidence was insufficient to support his conviction because the Commonwealth did not prove that he "failed to reregister within his 90-day registration cycle because [his] statements do not constitute a confession."

### A. Evidence Before This Court on Appeal

At the outset, we must resolve the parties' disagreement regarding whether the trial court admitted Sergeant Russo's testimony about the relevant dates as substantive evidence for the significance of those dates.

The relevant section of the transcript reflects the following exchange:

> [Russo]: The 103 stated—which is our investigative complaint—on 11/2/2015 the registration form was sent to [the appellant] to reregister the thumb prints, return by 11/17/2015. As of 11/18/2015 the reregistration form had not been received in Richmond. I investigated this matter to determine if the subject was in violation of Code Section 18.2-472.1.

> [Prosecutor]: Okay. Thank you for—

> [The appellant's counsel]: Your Honor, *I would object to the assertion insofar as being used to establish he had not [re]registered.* If it's being used to explain his actions I understand but otherwise it would be hearsay.

> [Prosecutor]: Could the defense counsel clarify?

> [The appellant's counsel]: *I would object to that assertion insofar as being used to show he did not, in fact, [re]register.* The trooper just read an assertion made by the State Police, something he had no knowledge of, and it certainly wasn't his understanding, but if it's being used to explain his actions I understand that.

> [Prosecutor]: Your Honor, the Commonwealth would be offering to explain his actions and why he proceeded with the

investigation. The Commonwealth does have other evidence . . . to establish the same fact.

T[he court]: All right. Go ahead.

(Emphases added). Later, in arguing to the trial court why the dates included on the affidavit were significant, the Commonwealth's attorney contended that Sergeant Russo testified that the November 17, 2015 date on the affidavit was the reregistration deadline. In response, the appellant argued that Russo's testimony established that he was "investigating this set of facts" and not that November 17, 2015, "was a due date."

The transcript, viewed in its entirety, reflects that the appellant objected specifically to "the assertion" that the appellant had not reregistered. See Thomas v. Commonwealth, 44 Va. App. 741, 750 (requiring that an objection be specific to comply with the contemporaneous objection rule), adopted upon reh'g en banc, 45 Va. App. 811 (2005). Consequently, his objection was restricted to the testimony that the state police had not received the appellant's reregistration.[2] In turn, when the prosecutor stated that the particular evidence was being offered for a limited purpose, she limited only the testimony objected to by the appellant: that the state police had not received the reregistration form in question. The colloquy does not reflect an objection to or limitation of Sergeant Russo's testimony that on November 2, 2015, the reregistration form was sent to the appellant for him to return by November 17, 2015. Supporting this interpretation of the record is the Commonwealth's attorney's reliance during

---

[2] We note that the trial court did not expressly rule on this objection. To the extent that below the appellant believed that the testimony about the particular dates at issue was admitted for a limited purpose, it was his burden to obtain a clear ruling from the trial court. See Williams v. Commonwealth, 57 Va. App. 341, 347 (2010) (recognizing that when a party fails to obtain a ruling on a matter presented to a trial court, there is no ruling for the appellate court to review). Contrary to the appellant's contention, the record does not reflect that the testimony was admitted for a limited purpose.

later arguments on Russo's testimony that the appellant was to return the reregistration by November 17, 2015.

As a result, the trial court, as trier of fact, was permitted to consider the statement about the relevant dates as substantive evidence. See Baughan v. Commonwealth, 206 Va. 28, 31 (1965) (holding in the context of a bench trial that when hearsay is "admitted without objection," it may "properly be considered" and "given its natural probative effect"); cf. Va. R. Evid. 2:105 ("When evidence is admissible . . . for one purpose but not admissible . . . for another purpose, the court upon motion shall restrict such evidence to its proper scope and instruct the jury accordingly.").

Consequently, in analyzing the record, we consider Russo's testimony about the pertinent dates relevant to our resolution of the appellant's assignments of error.

### B. *Prima Facie* Provision in the Statute

The appellant argues that the affidavit does not meet the statutory threshold necessary to trigger the *prima facie* provision of Code § 9.1-907(A). He did not below and does not now challenge the affidavit's admissibility. The Commonwealth counters that the appellant waived this argument by failing to object below to the admission of the affidavit and, alternatively, that the affidavit was sufficient to constitute *prima facie* evidence under the statute.

The Sex Offender and Crimes Against Minors Registry is maintained by the state police. Code § 19.2-390.1. See generally Harris v. Commonwealth, 53 Va. App. 494, 497-98 (2009) (explaining that the purpose of the registry is to "assist . . . law-enforcement agencies and others to protect their communities and families" (quoting Code § 9.1-900)). It is undisputed that the appellant, once convicted of a sexually violent offense, was obligated to register with the state police as a sex offender and reregister every ninety days thereafter. Code §§ 9.1-902(A)(4), (E); -904(A).

In the event of an offender's failure to reregister, the Department of State Police "is charged with the duty to investigate." Harris, 53 Va. App. at 498. Further, the Virginia Code requires the state police to send "an affidavit signed by a custodian of the records that such person failed to comply with the duty to . . . reregister" to "the jurisdiction in which the person last . . . reregistered." Code § 9.1-907(A). Such an affidavit, if "admitted into evidence, . . . shall constitute prima facie evidence of the failure to comply with the duty to . . . reregister."[3] Id.

This statutory framework along with the factual backdrop guide our resolution of this assignment of error.

### 1. The Commonwealth's Procedural Bar Argument

The Commonwealth initially suggests that the appellant waived his argument regarding the applicability of the statute's *prima facie* provision by failing to object below to the admission of the affidavit. It relies on the statutory provision that "[i]n any trial or hearing, other than a preliminary hearing, the accused may object in writing to admission of the affidavit, in lieu of testimony, as evidence of the facts stated therein." Code § 18.2-472.1(H). The party challenging the admission must file such an objection "with the court hearing the matter, with a copy to the attorney for the Commonwealth, no more than 14 days after the affidavit and notice were filed with the clerk by the attorney for the Commonwealth, or the objection shall be deemed waived." Id.; see also Code § 9.1-907 (providing that the affidavit, if admitted, constitutes *prima facie* evidence so long as the Commonwealth gives proper notice and the defendant does not object to its admission pursuant to Code § 18.2-472.1(H)).

---

[3] A permissive inference, such as the one in Code § 9.1-907(A), "suggests" to the fact finder "a possible conclusion to be drawn if the [Commonwealth] proves the predicate facts" and "still requires the [Commonwealth] to convince the [fact finder] that the suggested conclusion should be inferred based on" those predicate facts. See Dobson v. Commonwealth, 260 Va. 71, 75 (2000) (quoting Francis v. Franklin, 471 U.S. 307, 314 (1985)). See generally Reed v. Commonwealth, 62 Va. App. 270, 281 (2013) (implicitly holding that a statutory reference to "*prima facie* evidence" establishes a "permissive inference").

The statutory language critical to this portion of the analysis is that "the accused may object . . . to admission of the affidavit, in lieu of testimony, *as evidence of the facts stated therein.*" See Code § 18.2-472.1(H). The appellant does not dispute the facts provided in the affidavit. Instead, he argues that the *undisputed* facts contained within it are not sufficient to qualify it under Code § 9.1-907(A) as an affidavit that he "failed to comply with the duty to . . . reregister." An objection pursuant to Code § 18.2-472.1(H) would not have been the appropriate instrument by which to raise this argument. Consequently, the question of whether the affidavit qualifies to trigger the *prima facie* presumption in Code § 9.1-907 is not barred by the fact that the appellant did not object to the admission of the affidavit as evidence of the facts contained within it.

### 2. *The Appellant's Merits Argument & Harmlessness*

Turning next to the merits of the assignment of error, the appellant argues that the affidavit does not meet the statutory description of an affidavit providing "that such person failed to comply with the duty to . . . reregister." See Code § 9.1-907(A). See generally Harris, 53 Va. App. at 504 (holding that the sequence of every ninety days for reregistration is calculated starting from the date of the original registration).

We need not resolve this question regarding the application of Code § 9.1-907's *prima facie* provision. "[T]he doctrine of judicial restraint dictates" that appellate courts "decide cases 'on the best and narrowest grounds available.'" Commonwealth v. White, 293 Va. 411, 419 (2017) (quoting Commonwealth v. Swann, 290 Va. 194, 196 (2015)). On this record, as discussed below, "the best and narrowest ground is our conclusion that the alleged trial court error . . . was harmless as a matter of law." Id.

"[I]t is 'the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless.'" Id. at 420 (quoting United States v. Hasting, 461 U.S. 499, 509

- 8 -

(1983)). See generally Rose v. Clark, 478 U.S. 570, 581-84 (1986) (directing harmless error review after the jury received an erroneous burden-shifting instruction).

This case presents no constitutional challenge, so the non-constitutional standard for harmless error applies. A non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Turman v. Commonwealth, 276 Va. 558, 567 (2008) (quoting Code § 8.01-678). This Court upholds a criminal conviction "on the ground that any error involved is harmless only if it can conclude, without usurping the [trial court's] fact-finding function, 'that the error did not influence the [trial court] or had but slight effect.'" Graves v. Commonwealth, 65 Va. App. 702, 712 (2016) (quoting Clay v. Commonwealth, 262 Va. 253, 260 (2001)). If the appellate court "cannot say, with fair assurance, . . . that the judgment was not substantially swayed by the error, it is impossible to conclude that [the appellant's] substantial rights were not affected" and the conviction must be reversed. Clay, 262 Va. at 260 (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)).

In order to prove a failure to reregister in violation of Code § 18.2-472.1, the Commonwealth must establish that a defendant "had knowledge of the fact that he had a duty, as a convicted sex offender, to reregister with the . . . State Police" and he "failed to do so." Marshall v. Commonwealth, 58 Va. App. 210, 215, 219 (2011) (holding that the offense does not require the specific intent to violate the statute).

The Commonwealth's case relied on the state police affidavit and Russo's testimony, including the appellant's statements to Russo. The affidavit was admitted into the record, without objection, and as evidence of the facts contained within it. The document provides that the state police did not receive the appellant's reregistration between November 2 and November 17, 2015. To any extent that the trial court may have erroneously considered the affidavit as

- 9 -

*prima facie* evidence that the appellant's reregistration deadline was encompassed by the dates on the affidavit, that inference was merely cumulative of Russo's testimony. See Dalton v. Commonwealth, 64 Va. App. 512, 520 (2015) (noting that whether challenged evidence is cumulative is a factor relevant to harmless error analysis). Sergeant Russo testified that the state police sent the appellant a reregistration form, to "return by" November 17, 2015. This testimony directly raised the inference that the appellant's reregistration was due on the "return by" day of November 17, 2015. Further, Russo's testimony that the form was sent to the appellant on November 2, 2015, accounts for the entire span of dates included in the affidavit.

In light of the overlap between Russo's testimony and the dates contained in the affidavit, it is clear that any impermissible assignment of a *prima facie* effect to the affidavit was harmless.[4] See Gonzales v. Commonwealth, 45 Va. App. 375, 384 (2005) (*en banc*) (quoting Kotteakos, 328 U.S. at 764-65). Consequently, the claimed error, if one occurred, was harmless.

### B. Sufficiency of the Evidence

In his challenge to the sufficiency of the evidence, the appellant primarily argues that his statement to Sergeant Russo did not constitute a confession.

We review a challenge to the sufficiency of the evidence in a criminal case under well-settled legal principles. This Court reviews the evidence in the light most favorable to the Commonwealth. Purvy v. Commonwealth, 59 Va. App. 260, 270 (2011). In doing so, we

---

[4] The appellant suggested at oral argument that any error could not be harmless because the trial court relied solely on the affidavit in finding that he did not reregister before his deadline. However, a permissive inference, such as the one in Code § 9.1-907(A), merely "suggests" to the fact finder "a possible conclusion to be drawn if the [Commonwealth] proves the predicate facts." See Dobson, 260 Va. at 75 (quoting Francis, 471 U.S. at 314). The Commonwealth must "still . . . convince" the trier of fact that the particular "conclusion should be inferred." Id. (quoting Francis, 471 U.S. at 314). Application of a *prima facie* effect does not absolve the trial court, acting as the trier of fact, from considering all of the evidence presented and determining whether the Commonwealth proved the elements of the crime. After reviewing the entire transcript, we conclude that the trial court appropriately looked at all of the evidence presented and determined whether the Commonwealth proved the elements of the crime.

"regard as true all the credible evidence favorable to the Commonwealth and all fair inferences" reasonably deducible from that evidence. Id. (quoting Parks v. Commonwealth, 221 Va. 492, 498 (1980) (emphasis omitted)).

The pivotal question on appellate review of a sufficiency challenge is whether, "after reviewing the evidence in the light most favorable to the prosecution, . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 272 (quoting Sullivan v. Commonwealth, 280 Va. 672, 676 (2010)). The appellant was tried by the circuit court, sitting without a jury. Consequently, that court was the fact finder, and its judgment is afforded the same weight as a jury verdict. Preston v. Commonwealth, 281 Va. 52, 57 (2011). Accordingly, we do not disturb the conviction "unless it is plainly wrong or without evidence to support it." Smith v. Commonwealth, 296 Va. 450, 460 (2018) (quoting Commonwealth v. Perkins, 295 Va. 323, 327 (2018)). "If there is evidence to support the conviction[], the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Synan v. Commonwealth, 67 Va. App. 173, 185 (2017) (quoting Courtney v. Commonwealth, 281 Va. 363, 366 (2011)).

In order to prove a failure to reregister in violation of Code § 18.2-472.1, the Commonwealth was required to establish that the appellant "had knowledge of the fact that he had a duty, as a convicted sex offender, to reregister with the . . . State Police" and he "failed to do so."[5] Marshall, 58 Va. App. at 219.

---

[5] The Commonwealth need not prove the date that the reregistration was due in order to present evidence supporting the conviction. See generally Marshall, 58 Va. App. at 219 (reciting the elements of the offense). However, presenting evidence of that date would be one way in which to establish that the defendant failed to reregister by the deadline.

After the state police concluded that the appellant failed to reregister on the Sex Offender and Crimes Against Minors Registry, it prepared the affidavit in this case. See Code § 9.1-907(A) (requiring the state police to send "an affidavit signed by a custodian that such person failed to comply with the duty to . . . reregister" to "the jurisdiction in which the person last . . . reregistered"); Snowden v. Commonwealth, 62 Va. App. 482, 486 (2013) (noting that ordinarily courts presume that public officials have properly discharged their official duties).

The trial court admitted the affidavit into the record without objection and as evidence of the facts contained within it. The document provides that the state police did not receive the appellant's reregistration between November 2 and November 17, 2015. In finding the appellant guilty, the trial court concluded that the appellant's reregistration was due within the period of time provided in the affidavit. This inference is reasonable when the affidavit is considered in conjunction with Sergeant Russo's testimony. This testimony, which explained that the form was sent to the appellant on November 2, 2015, and he was to required return it to the state police by November 17, 2015, accounts for the entire span of dates included in the affidavit. When considering the affidavit and the testimony together, it was reasonable for the trial court to conclude that the deadline that the state police gave the appellant to return the reregistration form was the same date that his reregistration was due pursuant to Code § 9.1-904.

Further, Russo testified that he advised the appellant that "the reregistration form . . . had not been received by the register on November 17 of 2015." In response, the appellant said that he "thought [he had] sent it in." In addition, when confronted with the fact that he had repeatedly returned past reregistration forms late, the appellant said that he did not think "it was such a big deal to be a day or two late." The appellant's statements to Russo support the inference that he knew that he had a duty to reregister with the state police by November 17 and that he had not done so. Considering the evidence in its entirety, the trial court reasonably

concluded that the appellant knew that he had to return the reregistration form by November 17, 2015, and he failed to comply with that requirement. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that the appellant committed the charged offense. See Marshall, 58 Va. App. at 219.

## III. CONCLUSION

Any error that the trial court may have made in holding that the affidavit was adequate to raise the presumption in Code § 9.1-907 that appellant had violated Code § 18.2-472.1 was harmless. In addition, the trial court reasonably concluded from all of the evidence that the appellant violated the statute. Consequently, we affirm the judgment of the circuit court.

Affirmed.