COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, McClanahan and Beales
Argued at Lexington, Virginia


JAMES GREGORY MARSHALL
                                                        OPINION BY
v.        Record No. 0782-10-3            JUDGE ELIZABETH A. McCLANAHAN
                                                          MAY 3, 2011
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                          J. Leyburn Mosby, Jr., Judge

        Steven Birocco, Assistant Public Defender, for appellant.

        Craig W. Stallard, Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        The trial court convicted James Gregory Marshall of failing to reregister as a sex

offender, second or subsequent offense, in violation of Code § 18.2-472.1(B).  On appeal,

Marshall argues (i) the trial court erred in its construction and application of the term

"knowingly" failed to reregister, as proscribed by the statute; and (ii) based on what he contends

to be the statute's element of specific intent, the evidence was insufficient to support his

conviction.  Id.  We reject Marshall's arguments and affirm his conviction.

                                    I.  Background

        It is undisputed Marshall had been previously convicted of aggravated sexual battery, in

violation of Code § 18.2-67.3, and twice convicted of failure to register as a sex offender, in

violation of Code § 18.2-472.1.[1]  It is also undisputed Marshall knew that, as a result of those

_____

        [1] See Code §§ 9.1-900 to 9.1-920 (setting forth provisions of Virginia's Sex Offender and
Crimes Against Minors Registry Act, which establishes a comprehensive system for the
registration of convicted sex offenders).

convictions, he was required to reregister every thirty days with the Virginia State Police, as he had done previously for several months, but that he failed to do so in April 2009 when his reregistration was due that month.[2]

Deborah Mann, manager of Virginia's Sex Offender and Crimes Against Minors Registry for the Virginia State Police, testified that Marshall's reregistration form, sent by the Department of State Police to Marshall by certified mail on April 10, 2009, was due on or before April 22, 2009. Because Marshall was not found at his address, the form was undeliverable and returned to the Department.

Virginia State Trooper Tomlin testified that he received a telephone call from Marshall on May 7, 2009, with Marshall stating he missed his April reregistration because he rode with his uncle, a truck driver, to California, and they "had problems [in California] getting loaded." Trooper Tomlin then met with Marshall on May 14, following Marshall's return to Virginia, at which time Marshall completed his April reregistration form. According to Trooper Tomlin, Marshall stated at the meeting that he left Virginia with his uncle on April 11th and returned to Virginia on May 8. Trooper Tomlin could not remember if Marshall had called him about this matter prior to May 7.

Charles Smith testified that he drove a tractor-trailer and took Marshall, a family friend, with him from Virginia to California, leaving "the first part" of April and returning sometime in May, after being delayed in California "[m]aybe seven or eight days" in receiving his return load. Before leaving Virginia, Marshall advised Smith of his registration requirements. In response, Smith said to Marshall, "well, if it's not going to get you in trouble or nothing you can go and I'll do what I can."

---

[2] See Code § 9.1-904(B) (imposing thirty-day reregistration requirement following conviction under Code § 18.2-472.1).

Marshall, testifying in his own defense, stated that when he left Virginia for California in April 2009 he expected to be back by April 22, the deadline for his reregistration. When in California, according to Marshall, he actually thought the due date was April 28. So on that date, Marshall stated, "I called Officer Tomlin to tell him that I'm stuck in California, trouble with the load. Can I do it out there? And [Tomlin] said he had to check with Richmond. . . . [C]all him back in three days." Marshall stated that when he called Tomlin back, Tomlin told him that he could reregister when he got back to Virginia.[3] Marshall further testified that his return trip from California to Virginia took five days.

The trial court found Marshall guilty under Code § 18.2-472.1(B) as charged, explaining from the bench as follows:

> [T]here may not have been bad purpose, but Mr. Marshall didn't register. This is his third time. And he certainly knows that he is supposed to register. And he went to California. He voluntarily went. It's a direct violation. He didn't register. He wasn't there to receive the packet and had been registering by the 23rd for four months previously. By the 28th when he called Trooper Tomlin, I think he did call Trooper Tomlin, he was already late. . . . And so I think he's clearly guilty again.

## II.  Analysis

Code § 18.2-472.1(B) provides in relevant part: "Any person convicted of a sexually violent offense . . . who *knowingly* fails to register or reregister . . . is guilty of a Class 6 felony. A second or subsequent conviction for an offense under this subsection is a Class 5 felony." (Emphasis added.)

---

[3] Even if Trooper Tomlin did, in fact, tell Marshall during this purported second telephone call that Marshall could reregister when he returned to Virginia, Marshall had by this time already missed his reregistration deadline. Accordingly, Marshall cannot, nor does he attempt to, argue that he missed his reregistration deadline based on some good faith reliance on what he was told by Trooper Tomlin.

The statute does not define the term "knowingly." Marshall argues the term should be interpreted to require "specific intent" or "bad purpose" on the part of the accused in failing to register. Based on his interpretation, Marshall asserts the evidence was insufficient to support his conviction because he had no such purpose or intent when he failed "to satisfy his duty to register." This is evidenced, according to Marshall, by the fact that he intended to be back in Virginia to reregister on or before his April due date, but was prevented from doing so when he got "stuck" in California. In finding him guilty under Code § 18.2-472.1(B) in the absence of such purpose or intent to violate the statute, the trial court, Marshall argues, misconstrued the statute.

A. Construction of Code § 18.2-472.1(B)

The trial court's interpretation and application of the term "knowingly" in Code § 18.2-472.1(B) is subject to *de novo* review. See Brown v. Commonwealth, 57 Va. App. 381, 390, 702 S.E.2d 582, 586 (2010) ("In its review, this Court will give deference to the trial court's findings of fact, but review the trial court's 'statutory interpretations and legal conclusions *de novo*.'" (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998))). Thus, our task, as always with issues of statutory construction, is to "'search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature.'" Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006) (quoting Jones v. Rhea, 130 Va. 345, 372, 107 S.E. 814, 823 (1921)). As a corollary to this principle, "we must assume that 'the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.'" Rasmussen v. Commonwealth, 31 Va. App. 233, 238, 522 S.E.2d 401, 403 (1999) (quoting Frazier v. Commonwealth, 27 Va. App. 131, 135, 497 S.E.2d 879, 881 (1998)).

- 4 -

Guided by these principles, we reject Marshall's argument that Code § 18.2-472.1(B) requires specific intent or purpose, and hold that an accused "knowingly fails to register or reregister" in violation of the statute if he has knowledge of the fact that he has a duty to register or reregister, but does not do so, as occurred here. That is to say, we hold that Code § 18.2-472.1(B) is not a specific intent law. See Winston v. Commonwealth, 268 Va. 564, 600, 604 S.E.2d 21, 41 (2004) (defining specific intent as the "intent to accomplish the precise criminal act that one is later charged with"); Johnson v. Commonwealth, 37 Va. App. 634, 640, 561 S.E.2d 1, 4 (2002) ("Specific intent is not an implicit element of every statutory crime, but instead must be explicitly found in the statute's language in order to establish such intent as an element of an offense.").

First, in setting forth the mental state required for a violation of Code § 18.2-472.1(B), the legislature specifically used only the word "knowingly" to modify "fails to register or reregister." Thus, we must assume the legislature deliberately omitted additional modifiers found in other criminal statutes under Title 18.2 of the Code denoting specific intent or purpose as an element of the crime. See, e.g., Code § 18.2-49.1 ("knowingly, wrongfully and intentionally" withholding child from parents in violation of court order); Code § 18.2-119.1 ("knowingly and intentionally" posting no trespass signs on land of another without permission); Code § 18.2-308.1:1, Code § 18.2-308.2, Code § 18.2-308.2:01 and Code § 18.2-308.7 (prohibiting various classes of individuals from, *inter alia*, "knowingly and intentionally" possessing or transporting firearms); Code § 18.2-308.4 (prohibiting individual unlawfully in possession of controlled substance from "simultaneously with knowledge and intent" possessing firearms); Code § 18.2-369 (abuse of incapacitated adult means "knowing and willful conduct" causing physical injury or pain); Code § 18.2-370 ("knowingly and intentionally" taking

indecent liberties with children); Code § 18.2-386.1 ("knowingly and intentionally" videotaping, photographing, or filming nonconsenting person in certain situations).

There is accordingly no indication in the wording of Code § 18.2-472.1(B) that evidence of specific intent or purpose to violate the registration requirement is an element of the offense. As the United States Supreme Court noted in Bryan v. United States, 524 U.S. 184, 193 (1998), "unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense."

Second, we find support for our reading of Code § 18.2-472.1(B) from other provisions of the Code where the term "knowingly" is defined. In the context of certain prohibited transactions with minors, Code § 18.2-390 defines "[k]nowingly" as "having general knowledge of, or reason to know, or a belief or ground for belief which warrants further inspection or inquiry of [certain information]." The term is also similarly defined under the Virginia Fraud Against Taxpayers Act (Code §§ 8.01-216.1 to 8.01-216.19) at Code § 8.01-216.3(C), which provides that the terms "knowing" and "knowingly" mean "that a person, with respect to information (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required."

These definitions reflect the most commonly accepted meaning of the terms "knowing" and "knowingly," which, like these two statutory definitions, do not encompass specific intent or purpose to accomplish a result, whether by act or omission. Black's Law Dictionary's primary definition of "knowing" is "[h]aving or showing awareness or understanding." Black's Law Dictionary 950 (9th ed. 2009). The primary definitions of "knowing" and "knowingly" in Webster's Third New International Dictionary are, respectively: "having or reflecting knowledge, information, or insight," and "in a knowing manner." Webster's Third New

International Dictionary 1252 (1993).  Similarly, The American Heritage Dictionary's primary definition of "knowing" is "[p]ossessing knowledge, information, or understanding."  The American Heritage Dictionary 971 (4th ed. 2006). [4]  In these and other dictionary definitions of "knowing" upon which Marshall relies, the term is defined as "intentional" or "deliberate" in only the second, third or fourth definition given.  See Black's Law Dictionary (8th ed. 2004); Merriam-Webster's Online Dictionary; Dictionary.com; Funk & Wagnalls Standard Desk Dictionary (5th ed. 1980) (sources cited by Marshall).

Third, our construction of Code § 18.2-472.1(B) "'promotes'" the express purpose of Virginia's Sex Offender and Crimes Against Minors Registry Act (Code §§ 9.1-900 to 9.1-920), which establishes the underlying sex offender registration requirements—the violation of which is a crime under Code § 18.2-472.1(B).  Colbert, 47 Va. App. at 394, 624 S.E.2d at 110 (quoting Jones, 130 Va. at 372, 107 S.E. at 823).  As stated in Code § 9.1-900, the purpose of the Act is "to assist the efforts of law-enforcement agencies and others to protect their communities and families from repeat offenders."  This is accomplished by the Act's requirement of having convicted sex offenders regularly provide the Virginia State Police current residency information through registration, and the Act's establishment of a mechanism for compiling that information in the Registry for dissemination.  Code § 18.2-472.1(B) then incentivizes offenders to register by criminalizing non-compliance, i.e., "knowingly fail[ing] to register or reregister."  This incentive would be significantly diminished, however, if this statutory provision were construed as requiring a specific intent to constitute a violation.  Under such a construction, a convicted sex offender subject to the Act's registration requirements would be exempt from criminal liability for failure to register if the offender, for example, simply forgot to register.  See Smith v. Florida,

_____

[4] This dictionary states in its introductory guide that "entries containing more than one sense are arranged for the convenience of contemporary dictionary users with the central and often the most commonly sought meaning first."  American Heritage Dictionary at xxxiv.

968 So. 2d 1054, 1056-57 (Fla. App. 2007) (citing this example as a reason for rejecting argument that Florida's criminal statute for violation of sex offender registration law should require a showing of specific intent). We do not believe the legislature intended such a result by its use of the term "knowingly" in Code § 18.2-472.1(B), but instead intended the term to be given the construction we have placed upon it here.

Finally, we note that the criminal enforcement provision of the federal Sex Offender Registration and Notification Act (SORNA) (42 U.S.C. § 16901 *et seq*.) is nearly identical to Code § 18.2-472.1(B) in requiring proof that the accused "knowingly fail[ed] to register or update a registration," 18 U.S.C. § 2250(a)(3); and every federal circuit that has considered the matter has held that this criminal enforcement provision of SORNA is not a specific intent law. United States v. Fuller, 627 F.3d 499, 507 (2d Cir. 2010) (citing United States v. Gould, 568 F.3d 459, 468 (4th Cir. 2009); United States v. Shenandoah, 595 F.3d 151, 159 (3d Cir. 2010); United States v. Vasquez, 611 F.3d 325, 328-29 (7th Cir. 2010)); see also United States v. Whaley, 577 F.3d 254, 262 n.6 (5th Cir. 2009); United States v. Voice, 622 F.3d 870, 876 (8th Cir. 2010); United States v. Griffey, 589 F.3d 1363, 1367 (11th Cir. 2009).

## B. Evidentiary Sufficiency

Under the trial court's correct construction of Code § 18.2-472.1(B) as a non-specific-intent law, the Commonwealth's burden in this case was to establish that Marshall had knowledge of the fact that he had a duty, as a convicted sex offender, to reregister with the Virginia State Police in April 2009, but failed to do so. Those facts are undisputed. Thus, contrary to Marshall's contention on appeal grounded on an erroneous construction of the statute, the evidence was sufficient to support his conviction.

III.  Conclusion

For these reasons, we conclude the trial court did not err in its construction of Code § 18.2-472.1(B), and in finding, based on the undisputed evidence, that Marshall knowingly failed to reregister as a sex offender, in violation of the statute.  Accordingly, we affirm Marshall's conviction.

Affirmed.
