COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Chafin and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

CURTIS DWAYNE BROCKINGTON

MEMORANDUM OPINION[*] BY
v.      Record No. 1410-15-2          JUDGE ROBERT J. HUMPHREYS
APRIL 19, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

(Theodore D. Bruns; Blackburn, Conte, Schilling & Click, PC, on
brief), for appellant. Appellant submitting on brief.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Curtis Dwayne Brockington ("Brockington") appeals the July 13, 2015 decision of the

Circuit Court of Henrico County (the "circuit court") finding him guilty of one count of

knowingly failing to reregister as a sex offender, in violation of Code § 18.2-472.1. On appeal,

Brockington's single assignment of error is that the circuit court erred "in concluding that

Brockington knowingly failed to reregister as a sex offender."

I. ANALYSIS

A. Standard of Review

"When reviewing a challenge to the sufficiency of the evidence, 'we examine the

evidence in the light most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'" Williams v. Commonwealth, 52 Va. App. 194, 197, 662

S.E.2d 627, 628 (2008) (quoting Slade v. Commonwealth, 43 Va. App. 61, 69, 596 S.E.2d 90, 94

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication. Moreover, as this opinion has no precedential value, we recite only those facts necessary to our holding.

(2004)).   Upon review, we will not set aside the judgment of the trier of fact "unless it appears that the judgment is plainly wrong or without supporting evidence." Foster v. Commonwealth, 38 Va. App. 549, 554, 567 S.E.2d 547, 549 (2002).

B.  Failure to Knowingly Reregister pursuant to Code § 18.2-472.1

Code § 18.2-472.1(B) provides in relevant part:  "[a]ny person convicted of a sexually violent offense . . . who *knowingly* fails to register or reregister . . . is guilty of a Class 6 felony." (Emphasis added).  "Settled principles of statutory construction dictate that '[w]hen the language of a statute is unambiguous, we are bound by the plain meaning of that language.'" D'Amico v. Commonwealth, 287 Va. 284, 288, 754 S.E.2d 291, 293-94 (2014) (quoting Osman v. Osman, 285 Va. 384, 389, 737 S.E.2d 876, 878-79 (2013)).

While Code § 18.2-472.1(B) does not explicitly define the term "knowingly," this Court, in Marshall v. Commonwealth, 58 Va. App. 210, 708 S.E.2d 253 (2011), previously had the opportunity to define it.  In Marshall, we held that Code § 18.2-472.1(B) is a general intent crime and "an accused 'knowingly fails to register or reregister' in violation of the statute if he has knowledge of the fact that he has a duty to register or reregister, but does not do so." Id. at 215, 708 S.E.2d at 255.  Since Code § 18.2-472.1(B) is a general intent crime, we do not consider whether the accused lacked the specific purpose or intent to commit the crime.  Instead, this Court must determine if Brockington had knowledge of the fact that he had a duty to register or reregister, but failed to perform this duty.

In 1998, Brockington was convicted of two counts of sexual battery, in violation of Code § 18.2-67.4, and one count of carnal knowledge of a child between thirteen and fifteen years of age, in violation of Code § 18.2-63.  As a result of those convictions, he was required to reregister every ninety days with the Registry.  Brockington had continuously reregistered for more than fifteen years until he failed to do so by September 1, 2014.  Brockington testified that

- 2 -

over time he became reliant on the reregistration letter, Form SP-236A, as provided to him by the VSP through the mail. Further, he testified that he never received his letter for the reregistration period ending September 1, 2014, but that he was aware that one should be on its way. Notably, Brockington admitted that once he realized his reregistration letter from the VSP had not arrived on time, he contacted his probation officer and explained that he had not received his reregistration letter. After informing the state compliance officer that his reregistration form had not yet arrived in the mail, Brockington went to VSP headquarters on Midlothian Turnpike to reregister.

On September 16, 2014, Brockington executed Form SP-236, the alternative reregistration form, at the VSP headquarters located on Midlothian Turnpike. The Registry received his Form SP-236 the same day. However, he was required to reregister by September 1, 2014. As a matter of law, we find that Brockington was in violation of Code § 18.2-472.1 because he had the knowledge that he must reregister with the VSP every ninety days and he failed to do so by his reregistration deadline of September 1, 2014.

C. Procedural Requirement of Code § 9.1-904 Not Element of Code § 18.2-472.1

Brockington argues that because the VSP failed to provide him with his address verification form to be used for reregistration as required by Code § 9.1-904 and because a regular course of conduct had been established between the VSP and Brockington over the past fifteen years, he did not knowingly fail to reregister. In relevant part, Code § 9.1-904 states that "[e]very person convicted of a sexually violent offense or murder shall reregister with the [VSP] every 90 days from the date of initial registration." Additionally, "[u]pon registration and as may be necessary thereafter, the [VSP] *shall provide* the person with an address verification form to be used for reregistration. The form shall contain in bold print a statement indicating

that failure to comply with the registration required is punishable as provided in § 18.2-472.1." Code § 9.1-904 (emphasis added).

Brockington's argument is analogous to the same argument the Supreme Court of Virginia rejected in D'Amico. In that case, the appellant argued that it was error for the circuit court to find that the Commonwealth had proven it was an unreasonable refusal by D'Amico not to take a blood or breath test following an arrest upon suspicion of driving while intoxicated, in violation of Code § 18.2-266, where the Commonwealth did not prove that it had complied with the procedural requirements of the refusal statute, Code § 18.2-268.3(B)-(C). D'Amico, 287 Va. at 289-90, 754 S.E.2d at 294. The Supreme Court of Virginia held that "while the requirements in [Code § 18.2-268.3(B)-(C)] indeed provide significant procedural safeguards to the accused, they are not elements of the unreasonable refusal offense." Id. at 289, 754 S.E.2d at 294. Ultimately, the Supreme Court found that the signed refusal form was not required in order for the Commonwealth to establish a prima facie case of unreasonable refusal against D'Amico. Id. at 289-90, 754 S.E.2d at 294.

In the case at bar, Brockington relies on a civil statute, Code § 9.1-904, providing direction to the VSP and which is not incorporated in the criminal statute under which he was convicted, Code § 18.2-472.1. Therefore, it is not necessary for this Court to consider whether or not Brockington relied upon the reregistration form sent by the VSP, because the procedural safeguard, the provision providing that VSP would send the reregistration form, did not affect Brockington's knowledge of his statutory duty to reregister with the VSP. See id. Furthermore, this Court need not decide whether it is the VSP's obligation to ensure that a registrant actually receives the reregistration form after the VSP sent it. Rather, the inquiry is only if Brockington had the knowledge that he must reregister with VSP every ninety days. It is undisputed that he had this knowledge, especially given that he had reregistered every ninety days for more than

- 4 -

fifteen years. The Commonwealth established every necessary element of Code § 18.2-472.1, and we conclude that the circuit court did not err in ruling that Brockington knowingly failed to reregister as a sex offender.

## II. CONCLUSION

The VSP sent Brockington's reregistration Form SP-236A by registered and certified mail to his verified address prior to the reregistration date of September 1, 2014. It is undisputed that Brockington was at his address at all times relevant to the case and he did nothing to obstruct the delivery of the form. In fact, Brockington knew that his Form SP-236A had not arrived and proactively inquired with both his federal probation officer and his state compliance officer about what he should do to remain compliant with the Registry. Prior to a warrant and investigation by the VSP for Brockington's reregistration paperwork, Brockington went to the VSP headquarters and filled out the secondary form, Form SP-236, because he knew that he had not received his Form SP-236A and that he must reregister with the VSP. In short, when his letter didn't arrive, Brockington acted to remedy the situation by proactively executing an alternative form at VSP Headquarters. However, despite Brockington's clear efforts to meet his obligation, it is equally clear that the General Assembly intended this particular statute to be draconian in application and it simply permits no room for any error on the part of those obligated to register as a sex offender.

For the foregoing reasons, we affirm the circuit court's decision finding Brockington guilty of one count of knowingly failing to reregister as a sex offender, in violation of Code § 18.2-472.1.

Affirmed.

- 5 -