COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and AtLee
Argued at Richmond, Virginia

PUBLISHED

TYRONE JACOBS

v.      Record No. 0906-19-2

GINA WILCOXSON

OPINION BY
JUDGE RICHARD Y. ATLEE, JR.
FEBRUARY 18, 2020

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Phillip L. Hairston, Judge

Peter F. Bowen (Bowen, Clements & Favret, PLLC, on brief), for
appellant.

George B. Davis (Andrew T. Landrum; McGuire Woods LLP, on
brief), for appellee.

Tyrone Jacobs appeals the decision of the Circuit Court of the City of Richmond that

granted Gina Wilcoxson a two-year protective order against him. Jacobs argues on appeal that

the circuit court did not have jurisdiction over the case, which was an appeal from the juvenile

and domestic relations district court ("JDR court"), because the JDR court's decision to deny the

protective order was not a final order for purposes of appeal to the circuit court. Because we

conclude that the JDR court's denial of the protective order was a final judgment for purposes of

appeal, we affirm the decision of the circuit court.

I. BACKGROUND

Wilcoxson filed a petition in the JDR court for a family abuse protective order against

Jacobs. On January 22, 2019, after an *ex parte* hearing, the JDR court issued Wilcoxson a

preliminary protective order that prohibited Jacobs from contacting Wilcoxson and committing

any acts of family abuse or criminal offenses against Wilcoxson.

On February 5, 2019, fifteen days after the *ex parte* hearing, the JDR court conducted a full hearing on the petition as required by Code § 16.1-253.1. The JDR court concluded that Wilcoxson failed to prove her allegations of family abuse by a preponderance of the evidence, and, as a result, it denied her petition for a protective order.[1] Wilcoxson timely appealed the decision to the circuit court.

The circuit court heard the appeal on April 11, 2019. The circuit court determined Wilcoxson had met her burden of proof and granted her a two-year protective order under Code § 16.1-279.

Jacobs filed a motion to vacate, arguing that the circuit court did not have jurisdiction over the appeal because the JDR court's denial of a protective order was not an appealable order under Code § 16.1-296. The circuit court denied Jacobs' motion, and he now appeals to this Court.

## II. ANALYSIS

Statutory interpretation is a question of law we review *de novo*. Robinson v. Commonwealth, 68 Va. App. 602, 606 (2018). When interpreting a statute, "our primary objective is to ascertain and give effect to the legislative intent, which 'is initially found in the words of the statute itself.'" Chaffins v. Atl. Coast Pipeline, LLC, 293 Va. 564, 568 (2017) (quoting Crown Cent. Petroleum Corp. v. Hill, 254 Va. 88, 91 (1997)). The proper course is "to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature." Smith v. Commonwealth, 66 Va. App. 382, 389 (2016) (quoting

---

[1] The JDR record of proceedings indicates that the *preliminary* protective order was denied on February 5, 2019. Both parties agree that this is incorrect; the JDR court granted the preliminary protective order on January 22, 2019, and denied the protective order February 5, 2019. The rest of the record confirms this.

Marshall v. Commonwealth, 58 Va. App. 210, 215 (2011)).  Additionally, "the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction."  Id. at 388 (quoting Williams v. Commonwealth, 57 Va. App. 341, 351 (2010)).

Code § 16.1-296(A) provides,

> From any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court within 10 days from the entry of a final judgment, order or conviction and shall be heard de novo. . . .  Protective orders issued pursuant to § 16.1-279.1 in cases of family abuse . . . are final orders from which an appeal may be taken.

Jacobs concedes that the denial of a protective order is a final judgment affecting the rights and interests of Wilcoxson and that it would fit within the first sentence of the statute if not for the language specifically referring to protective orders.[2]  He argues that the protective order language in the last sentence limits the scope of the first sentence, thus limiting an appeal in protective order cases to only those instances where a protective order is *issued*.

We find, however, that it is more consistent with the language of Code § 16.1-296, and thus the legislative intent, to harmonize the statute by viewing the protective order language as expanding, rather than limiting, the scope of the statute.  The first sentence of Code § 16.1-296 sets out the general rule that only final orders may be appealed.  "A final order is one which disposes of the whole subject, gives all the relief contemplated, . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order."  Minor v.

---

[2] Jacobs made this concession at oral argument.  On brief, however, he argued that the JDR court did not enter an order and that the record of proceedings, which memorialized the denial of the protective order, was superfluous because the preliminary protective order expired automatically on the date of the hearing.  Thus, he argued that there was nothing for Wilcoxson to appeal.  We note, however, that Code § 16.1-296 permits an appeal from "any final order or *judgment*" of the JDR court.  (Emphasis added.)  The JDR court's denial of the protective order was a final judgment memorialized by a record of proceedings.

Commonwealth, 66 Va. App. 728, 740 (2016) (quoting Daniels v. Truck & Equip. Corp., 205 Va. 579, 585 (1964)).

But a protective order is not, strictly speaking, a final order that leaves nothing to be done in the cause. The protective order is an ongoing concern that remains under the jurisdiction of the court and, may, upon a motion and after a hearing, be extended, modified, or dissolved at any time. Code § 16.1-279.1(B), (G).

The General Assembly, however, is free to depart from the general rule "and to permit appeals from orders that are not 'final' under the definition above." Blevins v. Prince William Cty. Dept. of Soc. Servs., 61 Va. App. 94, 98 (2012); see, e.g., Code § 16.1-278.2(D) ("A dispositional order entered pursuant to this section is a final order from which an appeal may be taken in accordance with § 16.1-296."). Thus, by including the protective order language, the General Assembly has departed from the general rule, expanded the scope of the statute, and permitted appeals from the issuance of a protective order that would not otherwise be appealable under Code § 16.1-296. Thus, the statute does not prohibit an appeal from the denial of a protective order, which otherwise fits within the general rule in Code § 16.1-296(A).

Furthermore, while we look at the words of the statute to determine legislative intent, we will not interpret a statute in a way that leads to unreasonable or absurd results. Colbert v. Commonwealth, 47 Va. App. 390, 395 (2006). "The phrase 'absurd result' has a specific meaning in our jurisprudence. It 'describe[s] situations in which the law would be internally inconsistent or otherwise incapable of operation.'" Chaffins, 293 Va. at 570 (alteration in original) (quoting Boynton v. Kilgore, 271 Va. 220, 227 n.9 (2006)).

Jacobs' interpretation of the statute would create an absurd situation where only the alleged wrongdoer could appeal if the protective order was issued, but the purported victim of domestic violence could not appeal if the protective order was denied. The purported victim

would be left with no remedy but to wait for a new act of domestic violence. Aside from conflicting with principles of fairness, this construction contradicts the obvious purpose of the protective order statutes—to protect victims of domestic violence. <u>Smith</u>, 66 Va. App. at 390 ("[L]egislative words derive vitality from the obvious purposes for which the statutes are enacted." (quoting <u>Rountree Corp. v. Richmond</u>, 188 Va. 701, 712 (1949))).

Because we determine that the protective order language in Code § 16.1-296(A) is expansive language rather than limiting language, we hold that the decision of the JDR court denying the protective order was a final order for purposes of appeal under Code § 16.1-296. Consequently, the circuit court did not err in issuing the protective order and denying Jacobs' motion to vacate.

III. CONCLUSION

For the foregoing reasons, we affirm the decision of the circuit court.

<u>Affirmed.</u>