COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Chaney, Raphael and Callins
Argued at Richmond, Virginia


KENNETH HILL, SOMETIMES KNOWN AS
 KENNETH RAY HILL

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0479-22-2                       JUDGE DOMINIQUE A. CALLINS
                                                          MARCH 21, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Melvin R. Hughes, Jr., Judge Designate

Samantha Offutt Thames, Senior Appellate Counsel (Virginia
Indigent Defense Commission, on briefs), for appellant.

David A. Mick, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


After a bench trial, the Circuit Court for the City of Richmond convicted Kenneth Hill of

violating Code § 18.2-472.1(B), failing to reregister with the Sex Offender and Crimes Against

Minors Registry, second or subsequent offense.  Hill asserts that the evidence was insufficient to

prove he committed the offense.  Because we find that Hill knowingly failed to reregister on time,

we affirm the judgment.

BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light most

favorable to the Commonwealth, the prevailing party in the trial court, and will accord the

Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'"

_____
[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

*Chavez v. Commonwealth*, 69 Va. App. 149, 153 (2018) (quoting *Sidney v. Commonwealth*, 280 Va. 517, 520 (2010)).

In 1989, Hill was convicted of aggravated sexual battery in violation of Code § 18.2-67.3. As a result of that conviction, upon release from confinement, Hill had to register as a sex offender with the Virginia Department of State Police and then reregister every ninety days thereafter. *See* Code § 9.1-904.[1] On November 23, 2009, pursuant to a plea agreement, Hill was convicted of violating Code § 18.2-472.1, failing to reregister with the Sex Offender and Crimes Against Minors Registry, second or subsequent offense. Under Code § 9.1-904(B), any person convicted of a sexually violent offense and "convicted of a violation of § 18.2-472.1" must reregister every thirty days. So, since at least November 23, 2009, Hill has been required to reregister with the state police every thirty days.[2] *See* Code § 9.1-904(B).[3]

---

[1] Code § 9.1-904 was amended in 2020 and now requires reregistration "four times each year at three-month intervals." 2020 Va. Acts ch. 829. Unless noted otherwise, all subsequent references to Code § 9.1-904 refer to the version in effect in 2018.

[2] The dissent would find that the evidence was insufficient to prove that Hill failed to reregister every thirty days because the evidence does not establish the date of Hill's first conviction for violating Code § 9.1-904(B). Hill does not make this argument, and we will not make it for him on appeal. *See Bista v. Commonwealth*, 76 Va. App. 184, 221 (2022) (finding that we should not raise arguments for the appellant sua sponte).

Moreover, the statute does not impose such a requirement. Code § 9.1-904(A) mandates that any person convicted of a sexually violent offense must reregister with the State Police every ninety days. In 1989, Hill was convicted of a sexually violent offense. Code § 9.1-904(B) provides that any person convicted of a sexually violent offense *and* "convicted of a violation of § 18.2-472.1" must reregister every thirty days. The statute does not dictate that the registration date must be thirty days from the person's first conviction for violating Code § 18.2-472.1. On November 23, 2009, Hill was convicted of violating Code § 18.2-472.1. Thus, he was thereafter required to reregister every thirty days from his November 23, 2009 conviction.

[3] The 2020 amendments to Code § 9.1-904 included a provision that reregistration for "any person convicted of a violation of § 18.2-472.1" must register "every month" in accordance with the first letter of the offender's last name. 2020 Va. Acts ch. 829.

In April 2018, the state police sent a reregistration form to Hill at his listed mailing address.[4] The form expressly stated that it "must be received at the Department of State Police on or before April 21, 2018." Under that, there was an explanation in capital letters that "FAILURE TO COMPLY WITH THE REGISTRATION REQUIRED IS PUNISHABLE AS PROVIDED IN VIRGINIA CODE 18.2-472.1." It also included a statement that "If I am convicted of one count of 18.2-472.1, knowingly fail to register or re-register, I am required to reregister every 30 days from the date of my conviction for life." Hill signed the form and dated it April 18, 2018, and he returned it to the state police, but the envelope was post-marked on April 23, 2018. It was received by the state police on April 25, 2018. In May 2018, the state police sent another form to Hill at his mailing address. The May 2018 form instructed Hill to return the registration "on or before May 21, 2018." Hill's signature on the form was dated May 21, 2018, but the envelope was post-marked on May 29, 2018, and not received by the state police until May 30, 2018. State Police Trooper Tim Hall, who monitors the registration of sex offenders in the City of Richmond, testified that there is a zero-tolerance policy for late reregistration and explained that "[i]f they're a day late, they're in violation of the code."

In June 2018, Trooper Hall tried to contact Hill at the residential address listed on Hill's registration forms. Unable to contact Hill or confirm that Hill lived at the Dinwiddie Avenue address, Trooper Hall sought a warrant for Hill's arrest.

At trial, after the Commonwealth presented evidence of the events described above, Hill moved to strike the charges. He argued that, under these facts, the Commonwealth could not prove that he knowingly or intentionally failed to reregister. The court denied the motion, stating, "I think

---

[4] Hill provided a mailing address on West Grace Street in Richmond, also known as the Daily Planet, which provides services and a mailing address for unhoused people. He also listed a homeless shelter on Dinwiddie Street as his residential address.

the Commonwealth is favored by the rule of favorable inferences and it goes to the Commonwealth's case at this juncture, so the motion is denied."

For his case-in-chief, Hill called one witness, Reverend Dana Allen of Virginia Supportive Housing. She testified that in June 2018, Hill was "chronically homeless" and was "living in inhumane places." Reverend Allen also said that she knew Hill had to register with the state police, and she confirmed that Hill knew it was "incredibly important that he do that on time." Reverend Allen also explained that Hill knew how to reregister in person at the police station on Grace Street in Richmond and that he could walk or ride his bicycle to get there, if necessary.

At the close of evidence, Hill renewed his motion to strike, again arguing that he did not knowingly or intentionally fail to reregister. The trial court denied the motion to strike, convicted Hill of failing to reregister as a sex offender, and sentenced him to five years in prison, with four years and five months suspended.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Id.* (quoting *Chavez*, 69 Va. App. at 161). In such cases, we must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).

I.

Hill first argues that the evidence was insufficient to prove that he knowingly failed to reregister. At the time of the offense, Code § 18.2-472.1 provided that

> [a]ny person convicted of a sexually violent offense . . . who knowingly fails to register or reregister, or who knowingly provides materially false information to the Sex Offender and Crimes Against Minors Registry is guilty of a Class 6 felony. A second or subsequent conviction for an offense under this subsection is a Class 5 felony.

Code § 18.2-472.1(B).[5] A person "'knowingly fails to register or reregister' in violation of the statute if he has knowledge of the fact that he has a duty to register or reregister, but does not do so . . . ." *Marshall v. Commonwealth*, 58 Va. App. 210, 215 (2011) (quoting Code § 18.2-472.1(B)). "Code § 18.2-472.1(B) is not a specific intent law." *Id.*

In 2018, Hill had been convicted of a sexually violent offense and he had been convicted of a "second or subsequent offence" of failure to reregister. Thus, he had to reregister "every 30 days from the date of conviction." Code § 9.1-904(B). If he failed to reregister, the Virginia Department of State Police had a duty to investigate the failure. *Harris v. Commonwealth*, 53 Va. App. 494, 498 (2009). In that situation, "if there is probable cause to believe a violation has occurred," the state police must forward "an affidavit signed by a custodian of the records" to the "jurisdiction in which the person last . . . reregistered" alerting the jurisdiction to the person's failure to reregister. Code § 9.1-907(A). Such an affidavit, if "admitted into evidence . . . [is] prima facie evidence of the failure to comply with the duty to . . . reregister . . . ." *Id.*

Hill does not dispute that he failed to reregister every thirty days. Instead, he argues that he did not "knowingly" fail to register because he was unaware that compliant registration required him to submit the form on time. This argument fails because a reasonable factfinder could have

---

[5] In 2020, the General Assembly amended Code § 18.2-472.1, substituting "Tier III offense" for "sexually violent offense" in subsection B. *See* 2020 Va. Acts ch. 829.

found that Hill knew he had a duty to reregister with the state police every thirty days. First, the form that Hill signed stated that "[t]his form must be received at the Department of State Police on or before 5/21/2018 to be in compliance with your duty to re-register." Second, at the time of the violation, Hill had been registering with the state police every thirty days for almost ten years. His past compliance suggests that he knew the requirements for registration.[6] Third, Hill signed and dated the form within the thirty-day window, then returned the form only a few days later. This implies that Hill knew how to comply with the form's requirements. Finally, Reverend Allen, Hill's own witness, testified that Hill was aware of his duty to reregister. When presented with that evidence, a reasonable factfinder could have found that Hill was aware of his duty to reregister and failed to do so. That is all the statute requires. *See Marshall*, 58 Va. App. at 215 ("[A]n accused 'knowingly fails to register or reregister' in violation of the statute if he has knowledge of the fact that he has a duty to register or reregister, but does not do so . . . ." (quoting Code § 18.2-472.1(B))).

II.

Hill further argues that the evidence was insufficient to prove that he provided materially false information. Pursuant to Code § 18.2-472.1(B), "[a]ny person . . . who knowingly fails to register or reregister, *or* who knowingly provides materially false information to the Sex Offender and Crimes Against Minors Registry is guilty" of violating the statute. (Emphasis added). By its plain language, Code § 18.2-472.1 required proof that Hill *either* failed to reregister *or* that he provided materially false information to the registry. The Commonwealth need only establish one or the other described conduct to prove a violation of the statute. *See Williams v. Commonwealth*, 61 Va. App. 1, 8 (2012) ("[T]he use of the disjunctive word 'or,' rather than the conjunctive 'and,' signifies the availability of alternative choices." (alteration in original) (quoting *Rose v.*

---

[6] During sentencing, the Commonwealth alleged that this is Hill's seventh violation. Even if that is true, seven violations in nine years does not show that Hill was unaware of the thirty-day registration requirement.

- 6 -

*Commonwealth*, 53 Va. App. 505, 514 (2009))). Because we find that Hill knowingly failed to reregister within thirty days, we need not address whether he also provided materially false information to the state police.

III.

Finally, Hill argues that Code § 18.2-472.1 does not criminalize late registration, it only criminalizes a complete failure to register. He relies on the plain language of the statute, "[a]ny person . . .who knowingly *fails* to register or reregister . . . is guilty of a Class 6 felony." Code § 18.2-472.1(B) (emphasis added). Because Hill eventually submitted his registration, he argues that he did not fail to register, and thus did not violate Code § 18.2-472.1. He also argues that if the statute is ambiguous, then the rule of lenity must apply, and we must reasonably interpret Code § 18.2-472.1 in a way that does not criminalize late registration.[7]

That said, Hill did not make these arguments to the trial court, and thus he did not preserve them for appellate review. *See* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."); *Laney v. Commonwealth*, 76 Va. App. 155, 164 (2022) (finding that arguments not presented to the trial court are waived on appeal); *see also Maxwell v. Commonwealth*, 287 Va. 258, 265-66 (2014) (finding that the purpose of Rule 5A:18 is to avoid unnecessary appeals by allowing the trial court to rule on the issue).

The dissent would find that Hill preserved this argument when he argued, as part of his motion to strike, "someone who has consistently registered and reregistered . . . and has a month where he is late by a matter of days and then follows up the next month on time is not a criminal

_____

[7] In 2018, Code § 9.1-904(B) stated that "[t]he [reregistration] form shall state the registration requirements and contain in bold print a statement indicating that failure to comply with the registration requirements is punishable as provided in § 18.2-472.1." The form, in turn, informed Hill that he must register on or before April 21, 2018. Hill takes issue with the fact that neither statute explicitly makes late registration a crime.

violation." Viewed in the broader context, we find that was part of his argument about his criminal intent. In full, Hill's counsel said

> Because knowledge and intent is always an element that the Commonwealth must prove. And we would submit that someone who has consistently registered and reregistered since 2016 and has a month where he is late by a matter of days and then follows up the next month on time is not a criminal violation.
>
> On top of that, Judge, you've heard testimony that Mr. Hill was homeless, that his registered addresses were places where homeless people can receive services and receive their mail. The extent to which Mr. Hill, let's say, had more than the usual obstacles in complying with the terms and still managed for over two years to have it filed timely and consistently and then to be here on a new felony offense for being a few days late I would submit to the Court in the context of the entire reporting history that the Court has in that packet, there is no intent. There is--and the Commonwealth has to prove that it was knowingly done. And I would submit to the Court in the context of this case and these particular circumstances, the Commonwealth even at this stage has not met their burden.

After the trial court denied Hill's motion to strike, Hill did not make this argument again in his renewed motion to strike, or anywhere else in the record. Viewed in context, we cannot conclude that Hill made an argument to the trial court that Code § 18.2-472.1 does not criminalize late registration. The trial court was not able to rule on the issue, and the argument was not preserved for appeal. *See* Rule 5A:18; *Maxwell*, 287 Va. at 265-66.

## CONCLUSION

For the foregoing reasons, we hold that the evidence was sufficient to prove Hill knowingly failed to reregister as a violent sex offender, in violation of Code § 18.2-472.1. The judgment of the trial court is affirmed.

*Affirmed.*

- 8 -

Chaney, J., dissenting.

Kenneth Hill was charged with knowingly failing to reregister as a sex offender when the investigating trooper (the Trooper) determined that the Virginia Department of State Police never received Mr. Hill's reregistration form for May 2018. Although the Trooper testified at trial that Mr. Hill's May 2018 reregistration form "was never received back to the registry," the evidence shows that Mr. Hill reregistered on a form dated May 21, 2018, and this reregistration form was received by the Virginia Department of State Police on May 30, 2018. Mr. Hill argues on appeal that the trial court erred in denying his motion to strike the evidence as insufficient to prove that he knowingly and intentionally failed to reregister as a sex offender. Upon review of the evidence, I conclude that the evidence is insufficient for a rational fact-finder to find that Mr. Hill knowingly failed to reregister as a sex offender on or around May 22, 2018, as charged in the indictment. Therefore, I respectfully dissent from the majority's opinion affirming Mr. Hill's conviction.

The evidence shows that in the six months from January 2018 through June 2018, Mr. Hill signed and submitted sex offender reregistration forms that were received by the Virginia Department of State Police on January 31, 2018, February 24, 2018, March 19, 2018, April 25, 2018, May 30, 2018, and June 22, 2018. Notwithstanding this record of monthly reregistration, the majority holds that Hill knowingly failed to reregister in May 2018 because his May 2018 reregistration form was purportedly received nine days late.

Mr. Hill argues on appeal that the trial court erred in convicting him based on a late reregistration because the conduct prohibited under Code § 18.2-472.1 is the failure to reregister, not the failure to reregister on time. Mr. Hill correctly notes that the express language of Code § 18.2-472.1 criminalizes the conduct of a person who is required to register or reregister "who knowingly fails to register, reregister, or verify his registration information, or who knowingly provides materially false information to the Sex Offender and Crimes Against Minors Registry."

- 9 -

The majority erroneously declines to consider this argument based on its conclusion that Mr. Hill did not preserve the issue for appellate review by making this argument in the trial court. However, the record shows that Mr. Hill presented this argument to the trial court in his motion to strike. After Mr. Hill called the trial court's attention to the evidence of his monthly reregistration over a two-year period from July 2016 through June 2018, Mr. Hill argued to the trial court that "someone who has consistently registered and reregistered . . . and has a month where he is late by a matter of days and then follows up the next month on time *is not a criminal violation*." (Emphasis added). Thus, Mr. Hill argued to the trial court that late reregistration is not a crime under Code § 18.2-472.1. Mr. Hill preserved this issue for appeal by providing the trial court "an opportunity to rule intelligently" on the issue. *See Brown v. Commonwealth*, 279 Va. 210, 217 (2010). "[I]f a trial court is aware of a litigant's legal position and the litigant did not expressly waive such arguments, the arguments remain preserved for appeal." *Id.* (quoting *Helms v. Manspile*, 277 Va. 1, 7 (2009)).

Assuming arguendo that late reregistration constitutes a failure to register under Code § 18.2-472.1, the evidence does not support the majority's conclusion that Mr. Hill failed to reregister on time. The majority's conclusion that Mr. Hill reregistered late in May 2018 is based on the majority's application of Code § 9.1-904. In May 2018, Code § 9.1-904(B) provided that when a person (i) is on the registry for a conviction of a sexually violent offense and (ii) is convicted of a violation of Code § 18.2-472.1, he "shall reregister with the State Police every 30 days from the date of conviction." *See* Va. Acts 2007 ch. 823. The evidence includes conviction orders showing that (1) Mr. Hill was convicted of aggravated sexual battery—a sexually violent offense—on January 5, 1989, and (2) Mr. Hill was convicted of a violation of Code § 18.2-472.1, second offense, on November 23, 2009. Based on these conviction records, the majority concludes that Mr. Hill was required to reregister every thirty days from November 23, 2009. However, this is not the date of Mr. Hill's first conviction for violating Code § 18.2-472.1, which is the relevant date

- 10 -

from which Mr. Hill would be required to reregister every thirty days. Mr. Hill's first conviction for violating Code § 18.2-472.1 triggered the statutory requirement to reregister every thirty days from the date of that conviction, and that statutory requirement has continued since that date. Because the evidence does not establish the date of Mr. Hill's first conviction for violating Code § 18.2-472.1, the evidence is insufficient to determine whether Mr. Hill violated Code § 18.2-472.1 on or around May 22, 2018, by failing to reregister every thirty days in accordance with Code § 9.1-904(B).[8]

The majority arbitrarily takes Mr. Hill's November 23, 2009 conviction date—the only conviction date in the record for a violation of Code § 18.2-472.1—as the date from which Mr. Hill was required to reregister every thirty days. But the Trooper testified that Mr. Hill had multiple prior violations of Code § 18.2-472.1.[9] If, as under the majority's statutory construction, Mr. Hill's reregistration due date can be determined by counting thirty days from the date of any of his prior convictions, then Mr. Hill's reregistration due date is indefinite. To avoid this absurd result, the statutory reregistration date must be counted from the date of Mr. Hill's first conviction for violating Code § 18.2-472.1. Since this conviction date is not in evidence, Mr. Hill's statutory reregistration due date cannot be determined. Therefore, the evidence is insufficient to support a finding that Mr. Hill failed to reregister on time.

The evidence is also insufficient to support a finding that Mr. Hill violated Code § 18.2-472.1 by providing materially false information to the Sex Offender and Crimes Against Minors Registry. The Commonwealth argued that the evidence supports a conviction on this

---

[8] Because the evidence does not include the date of Mr. Hill's first conviction for violating Code § 18.2-472.1, the evidence does not support a finding that the due dates for receipt of the reregistration forms by the Department of State Police—as stated on the reregistration forms—are dates based on calculating every thirty days from the date of Mr. Hill's first conviction for a violation of Code § 18.2-472.1.

[9] The Commonwealth informed the trial court that Mr. Hill had six prior convictions for violations of Code § 18.2-472.1.

- 11 -

alternative ground because Mr. Hill had moved from his registered address when the Trooper looked for him there on June 15, 2018. But this evidence does not support an inference that Mr. Hill had already moved from his registered address when he provided his address to the registry prior to June 2018. The evidence shows that the Trooper was unable to determine when Hill left his registered address. Therefore, the evidence is insufficient to find that on or around the alleged offense date of May 22, 2018, Mr. Hill provided materially false address information to the registry.

Because the evidence is insufficient to sustain Mr. Hill's conviction for knowingly failing to reregister as a sex offender in violation of Code § 18.2-472.1, I would reverse the trial court's judgment and vacate the conviction.