COURT OF APPEALS OF VIRGINIA

Present:   Judges Friedman, Frucci and Senior Judge Humphreys
Argued at Fredericksburg, Virginia


LUIS RIVERA

OPINION BY
v.        Record No. 0962-23-4          JUDGE ROBERT J. HUMPHREYS
JUNE 25, 2024

MANTECH INTERNATIONAL CORPORATION


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dontaé L. Bugg, Judge

(Valerie A. Teachout; Young (Evelyn) Eun Ko; The Spiggle Law
Firm, on briefs), for appellant.  Appellant submitting on briefs.

Edward Lee Isler (Micah E. Ticatch; Isler Dare, P.C., on brief), for
appellee.


Luis Rivera appeals the circuit court's judgment sustaining ManTech International

Corporation's plea in bar of the statute of limitations and dismissing with prejudice his claim under

the Virginia Whistleblower Protection Law (VWPL), Code § 40.1-27.3.  Rivera argues that the

circuit court erred in holding that notice of termination triggered the statute of limitations, rather

than the date of his actual termination.

BACKGROUND[1]

Rivera worked for ManTech at the United States Embassy compound in Baghdad as a

Global Security Corporation (GSC) Technician III.  During his employment, Rivera's co-worker

reported to the Office of Inspector General that a ManTech supervisor had instructed employees,

including Rivera, to forge official documents, in violation of federal laws and regulations.  That

---

[1] Because this case was dismissed on a plea in bar, for context we recite the allegations as
stated in the complaint.

report prompted an investigation by the United States Department of State's Regional Support Office (RSO). As a part of the investigation, Rivera confirmed to an RSO investigator that his supervisor had instructed him to recreate missing documents and forge signatures, which he refused to do. Rivera's co-workers later informed him that the supervisor stated that "Rivera would the first one to be let go, if it came down to laying off ManTech employees" because of the investigation.

On January 14, 2022, ManTech informed Rivera in writing that it was terminating his employment due to "contract reduction" and that his last day of employment would be on February 7, 2022. The letter advised Rivera that he was eligible for "ManTech's Mobility Program to identify a suitable position to continue [his] employment with ManTech," although the program did not guarantee Rivera a placement. The letter further stated that Rivera might be eligible for rehire if a "suitable position" became available.

Also on January 14, 2022, ManTech revoked Rivera's "special Embassy ID card and provided him with a temp card with no security clearance." Without security clearance, Rivera was unable to perform his employment duties as a GSC Technician. Rivera remained on ManTech's payroll until February 7, 2022.

On February 7, 2023, Rivera filed a complaint against ManTech, alleging that it violated the VWPL. Rivera argued that his participation in the investigation was a protected activity under the VWPL and that his termination was in retaliation for this protected activity. Rivera requested actual damages for back and front pay, non-pecuniary compensatory damages, and attorney fees.

ManTech filed a plea in bar asserting that the statute of limitations had expired, citing the one-year statute of limitations period contained in Code § 40.1-27.3(C). ManTech claimed that the January 14, 2022 letter triggered the VWPL limitation period, rendering Rivera's complaint, filed on February 7, 2023, untimely. Rivera countered that his complaint was timely because February 7, 2022, was the effective date of his termination; thus, his claim accrued on that date.

Following a hearing, the circuit court sustained ManTech's plea in bar. The circuit court held that Rivera's injury occurred on January 14, 2022, when ManTech notified him that his position had been eliminated and revoked his security clearance, even though he remained on ManTech's payroll until February 7, 2022. The circuit court dismissed Rivera's complaint with prejudice. Rivera appeals.

ANALYSIS

Since the parties have not raised or briefed the issue in either this Court or the trial court, we will assume without deciding that the VWPL applies to the actions taken by ManTech against Rivera for conduct that did not occur in the Commonwealth.

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019). The movant bears the burden of proof on such a plea. A circuit court's "decision on a plea in bar of the statute of limitations involves a pure question of law that we review de novo." *Radiance Cap. Receivables Fourteen, LLC v. Foster*, 298 Va. 14, 19 (2019) (quoting *Van Dam v. Gay*, 280 Va. 457, 460 (2010)). However, because this case was dismissed on a plea in bar based on the pleadings, for the context of our review, we consider the allegations as stated in the complaint, assuming them to be true.

Under the VWLP, "[a]n employer shall not discharge, discipline, threaten, discriminate against, or penalize an employee, or take other retaliatory action . . . , because the employee . . . in good faith reports a violation of any federal or state law or regulation." Code § 40.1-27.3(A)(1). "A person who alleges a violation of this section may bring a civil action in a court of competent jurisdiction within one year of the employer's prohibited retaliatory action." Code § 40.1-27.3(C).

The narrow question presented here is whether the circuit court correctly held that the "prohibited retaliatory action," under the VWLP, occurred when ManTech informed Rivera of his

pending termination. Rivera resists that conclusion, arguing that a claim does not accrue until there is some consequence from the retaliatory action, which Rivera contends was the last day of employment. Rivera emphasizes that ManTech had informed him of the opportunity to pursue continued employment with ManTech beyond the specified February 7, 2022 termination date. ManTech notes, however, that the same day it notified Rivera of the pending termination, his security clearance was revoked, rendering him unable to perform his employment duties as a GSC Technician.

Statutory interpretation is a question of law we review de novo. *Robinson v. Commonwealth*, 68 Va. App. 602, 606 (2018). When interpreting a statute, "our primary objective is to ascertain and give effect to the legislative intent, which 'is initially found in the words of the statute itself.'" *Chaffins v. Atl. Coast Pipeline, LLC*, 293 Va. 564, 568 (2017) (quoting *Crown Cent. Petroleum Corp. v. Hill*, 254 Va. 88, 91 (1997)). The proper course is "to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature." *Smith v. Commonwealth*, 66 Va. App. 382, 389 (2016) (quoting *Marshall v. Commonwealth*, 58 Va. App. 210, 215 (2011)). Additionally, "the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." *Id.* at 388 (quoting *Williams v. Commonwealth*, 57 Va. App. 341, 351 (2010)).

Generally, Virginia courts have held that a cause of action accrues at the time of injury although the injured party may not suffer damages until later.[2] "Any amount of damages,

_____

[2] Neither our Supreme Court nor this Court has previously addressed when a cause of action accrues under the VWPL. To date, the only court to do so is the United States District Court for the Eastern District of Virginia, which recently concluded that the limitations period began running when the employer provided the employee written notice that it was going to terminate her employment. *Kulshrestha v. Shady Grove Reproductive Sci. Ctr., P.C.*, 668 F. Supp. 3d 411, 418 (E.D. Va. Apr. 6, 2023).

'however slight,' triggers the accrual of the cause of action, and for this reason, 'it is immaterial that all the damages resulting from the injury do not occur at the time of the injury.'" *Kerns v. Wells Fargo Bank, N.A.*, 296 Va. 146, 159 (2018) (quoting *Van Dam*, 280 Va. at 463); *Kiser v. A.W. Chesterton Co.*, 285 Va. 12, 22 (2013) (explaining that a statute of limitations begins to run "when any injury, though slight, is sustained as the consequence of an alleged wrong, despite the fact that greater damage from the same wrong may be sustained at a later date" (quoting *Lo v. Burke*, 249 Va. 311, 317 (1995))).

Relying on authority interpreting the two-year statute of limitations governing personal injury claims under Code § 8.01-243(A), Rivera argues that he could not have brought suit against ManTech on January 14, 2022, the date he was notified of his pending termination. The Supreme Court has held that "[a] right of action cannot accrue until there is a cause of action" and that "[i]n the absence of injury or damage to a plaintiff or his property, he has no cause of action and no right of action can accrue to him.'" *First Virginia Bank-Colonial v. Baker*, 225 Va. 72, 82 (1983) (quoting *Caudill v. Wise Rambler*, 210 Va. 11, 13 (1969)). In *Baker*, as in many personal injury cases, the injury did not occur until several years after the wrong occurred, and because the right of action accrues when the injury occurs the statute of limitations began to run on the date of the injury. *Id.* at 83. Rivera argues that because he might have had the opportunity to continue working for ManTech beyond February 7, 2022, if he had identified a suitable position within ManTech, his cause of action did not ripen into a right of action until his termination on February 7, 2022.

In response, ManTech points to a number of what it asserts are analogous cases involving federal statutes. For example, in a denial of tenure case arising under Title IX analogous to the present matter, the United States Supreme Court held that the limitations period begins to run when the tenure decision is made and the plaintiff is notified, and not when the effect of the

denial of tenure is felt. *Delaware State Coll. v. Ricks*, 449 U.S. 250, 259 (1980). As the Court explained, "[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *Id.* at 258. Likewise, actions brought under 42 U.S.C. § 1983 accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Bd. of Supervisors v. Thompson Assoc.*, 240 Va. 133, 138 (1990). Similarly, in considering a cause of action for retaliation under Title VII of the Civil Rights Act of 1964, the Supreme Court held that the statute of limitations accrues on the day the "discrete retaliatory or discriminatory act . . . happened," not on the day when the plaintiff was ultimately terminated. *AMTRAK v. Morgan*, 536 U.S. 101, 110 (2002).

Rivera attempts to distinguish *Ricks*, arguing that in *Ricks*, the termination of the plaintiff's contract was the inevitable consequence of the denial of tenure but his termination was not inevitable. Rivera notes that the January 14, 2022 letter gave him the option to seek and obtain alternative, suitable positions. Rivera concludes that because he could have continued working for ManTech beyond February 7, 2022, had he located a suitable position within ManTech, his cause of action did not ripen into a right of action until after February 7, 2022.

Rivera's argument is unpersuasive, and we need not rely on precedents involving federal statutes that bear only a passing resemblance to the VWLP. The plain language of the VWLP states that the limitations period begins to run as of the date of the employer's "prohibited retaliatory action," not from the date that the employee felt the full impact of the action. Code § 40.1-27.3(C). Here, the allegedly prohibited retaliatory action was ManTech's decision to eliminate Rivera's position; that decision was clearly communicated to Rivera in the January 14, 2022 letter. Any new position Rivera may have found would only have reduced the magnitude of Rivera's injury; it would not have wholly cured the allegedly retaliatory nature of the decision to eliminate Rivera's current position.

The January 14, 2022 letter clearly notified Rivera of ManTech's decision to eliminate his position. The notification that he was losing his position at ManTech as a result of conduct protected by the VWPL is the "prohibited retaliatory action" contemplated by the statute, thus triggering the one-year limitation period under Code § 40.1-27.3(C). Thus, Rivera's complaint, filed on February 7, 2023, was beyond the one-year limitations period. For these reasons, we affirm the circuit court's judgment.

*Affirmed.*